UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES HILL,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF HAMMOND, INDIANA, and MICHAEL SOLAN,<br><br>   Defendants. | CAUSE NO.: 2:10-CV-393-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendant Michael Solan's Supplemental Motion for Summary Judgment [ECF No. 243] and the Defendant City of Hammond's Supplemental Motion for Summary Judgment [ECF No. 244]. The motions are fully briefed. *See* ECF Nos. 251, 252, 256, 257. For the following reasons, the motions are DENIED.

**BACKGROUND**

The Plaintiff filed his Complaint on October 4, 2010. Compl., ECF No. 1. The Plaintiff alleged that he was wrongfully convicted of a rape that occurred in 1980. *Id.* at ¶¶ 2–5. The state court had granted the Plaintiff post-conviction relief and vacated his conviction. *Id.* at ¶ 6; Pl. Resp. Ex. 1, ECF No. 251-1. The state court found that the Defendants failed to turn over documentary evidence to the prosecutor or the Plaintiff exculpatory evidence relating to the blue bag used to identify the Plaintiff and a statement that implicated other possible offenders. Pl. Resp. Ex. 1 ¶¶ 17–18. The Plaintiff alleges that the Defendants deliberately failed to reveal exculpatory evidence, failed to investigate other witnesses, and fabricated evidence. Compl. ¶ 12. Among his claims, he brings a § 1983 claim against Michael Solan for *Brady* violations based on

concealing evidence that led to the Plaintiff's conviction. *Id.* at ¶¶ 48–53. He also brings a § 1983 *Monell* claim against the City. *Id.* at 58–64.

On March 30, 2016, the Court issued an Opinion and Order granting in part and denying in part a number of dispositive motions filed by various Defendants. Mar. 30, 2016 Op. & Order, ECF No. 207. The Court denied Defendant City's summary judgment motion on the Plaintiff's *Monell* claim, and the Court denied Defendant Solan's summary judgment motion on the Plaintiff's § 1983 claim. *Id.* at 14–17.

On October 16, 2018, Defendant City filed a Motion for Leave to File Supplemental Motion for Summary Judgment. ECF No. 229. The Defendant City sought a supplemental summary judgment motion to show that the Plaintiff's 2018 conviction for the murder of Officer Pucalik barred him, through issue preclusion, from arguing that the failure to turn over exculpatory evidence in his rape conviction resulted in a different outcome. *Id.* at ¶¶ 7–9. Defendant Solan likewise sought a supplemental summary judgment motion. ECF No. 230. The Plaintiff opposed the motions. ECF No. 238.

The Court granted the Defendants' motions. June 26, 2019 Order, ECF No. 242. The order read in part:

> To summarize, the Defendants wish to file a second Motion for Summary Judgment to present evidence generated during the recent state trial of the Plaintiff. The Plaintiff objects, arguing that the recent trial has no bearing on the trial which underlies this federal § 1983 litigation. While the Plaintiff may be correct, the Court cannot draw that conclusion without evidence before it, and so the Court GRANTS the Defendants' Motions [ECF Nos. 229 and 230]. The Defendants are directed to file any supplemental Motion for Summary Judgment by July 31, 2019.

*Id.* The Defendants then filed the instant Supplemental Motions for Summary Judgment. ECF Nos. 243, 244.

Officer Pucalik was murdered on November 14, 1980, during an attempted robbery at a Holiday Inn in Hammond. *Id.* Hill made some incriminating statements in the aftermath of the

murder. *Id.* The Plaintiff was charged with murder, murder in perpetration of robbery, and Class A felony attempted robbery in connection with Officer Pucalik's murder. *See Hill v. State*, 92 N.E.3d 1105, 1109 (Ct. App. Ind. 2018). The Plaintiff was convicted in 2018 of armed robbery and murder in perpetration of robbery, although he was found not guilty of murder. Def. Ex. MMMM, ECF No. 247-27.

On December 12, 2019, the Defendant City filed a notice of citation to additional authority [ECF No. 258], providing the Indiana Court of Appeals decision affirming the Plaintiff's 2018 conviction. On February 28, 2020, the Defendant City filed another notice of notice of citation to additional authority [ECF No. 259] to notify the Court of the reported citation for the Indiana Court of Appeals decision. On February 28, 2020, the Defendant City filed an additional notice of citation to additional authority [ECF No. 260] to inform the Court that the Indiana Supreme Court denied transfer of the Court of Appeals' decision affirming the 2018 conviction. On December 30, 2020, the Defendant City filed a notice of citation to additional authority [ECF No. 261] to provide additional cases to support its earlier legal arguments.

On May 12, 2021, the Plaintiff filed a notice of citation to additional authority [ECF No. 263] informing the Court that the Plaintiff's 2018 convictions were vacated. The state court granted the Plaintiff post-conviction relief because the State of Indiana unintentionally failed to disclose to the Plaintiff before the trial recorded interviews of witnesses, the contents of which constituted exculpatory/impeaching *Brady* evidence and were material. ECF 263-1. Defendant City maintains that summary judgment is appropriate despite the Plaintiff's 2018 sentence having been vacated. ECF No. 264. The Court takes judicial notice from the chronological case

summary in 45G01-1609-MR-4 that, on March 17, 2022, the state court granted the State of Indiana's motion to dismiss the charges against Hill in relation to Pucalik's murder.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party has properly supported [its] motion, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial." *Spierer v. Rossman*, 798 F.3d 502, 507 (7th Cir. 2015). "To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in [his] favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

Within this context, the Court must construe all facts and reasonable inferences from those facts in the light most favorable to the nonmoving party. *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550 (7th Cir. 2017). However, the nonmoving party "is only entitled to the benefit of inferences supported by admissible evidence, not those 'supported by only speculation or conjecture.'" *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) (citing *Nichols v. Michigan City Plant Planning Dep't*, 755 F.3d 594, 599 (7th Cir. 2014)). Likewise, irrelevant or unnecessary factual disputes do not preclude the entry of summary judgment. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**ANALYSIS**

The Defendants argue that issue preclusion bars the Plaintiff from asserting that the exculpatory evidence at issue in this case is sufficient to support his § 1983 claims because the Plaintiff was convicted in 2018 of murder in perpetration of robbery in what the Defendants argue was a related case. The Plaintiff has noticed the Court that, since the filing of the motions, his conviction has been vacated. Because there is no final judgment on which to base issue preclusion, the Court denies the supplemental motions for summary judgment.[1]

The "usual rules of preclusion apply in section 1983 actions." *Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020) (citing *Allen v. McCurry*, 449 U.S. 90, 103–05 (1980)); *see also* 28 U.S.C. § 1738 ("The records and judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."). The Court looks to Indiana state law for the preclusive effect of the prior state criminal and postconviction relief decisions. *See Allen v. McCurry*, 449 U.S. 90, 96 (U.S. 1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so . . . ."); *Savory*, 947 F.3d at 418–19 ("Federal courts apply the preclusion law of the state where the judgment was rendered, so long as the state in question satisfies the applicable requirements of the Due Process Clause." (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982))).

---

[1] Although the Defendants make some arguments seeking to have the Court reconsider its earlier summary judgment order or otherwise find in favor of the Defendants due to the alleged insufficiency of the Plaintiff's evidence, the Court will not consider those arguments. The supplemental summary judgment motions were granted solely to consider what effect, if any, the 2018 murder conviction had on this case.

Under Indiana law, "[i]ssue preclusion, or collateral estoppel, bars subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former lawsuit and that same fact or issue is presented in a subsequent suit." *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 704 (Ind. 2012) (citing *Hayworth v. Schilli Leasing, Inc.*, 669 N.E.2d 165, 167 (Ind. 1996)). Thus, Indiana issue preclusion requires three elements: "(1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of the issues; and (3) the party to be estopped was a party or the privity of a party in the prior action." *Id.* (citing *Small v. Centocor, Inc.*, 731 N.E.2d 22, 28 (Ind. Ct. App. 2000)). For defensive issue preclusion, which is asserted in this case, "two additional considerations are relevant . . . : 'whether the party against whom the judgment is pled had a full and fair opportunity to litigate the issue, and whether it would be otherwise unfair under the circumstances to permit the use of [issue preclusion].'" *Id.* (quoting *Small*, 731 N.E.2d at 28). The party invoking preclusion bears the burden of establishing that all the elements are met. *See In re Calvert*, 913 F.3d at 702; *Perez-Grahovac v. State*, 894 N.E.2d 578, 584 (Ind. Ct. App. 2008).

The requirement of a final judgment in the criminal proceedings cannot be met because the Plaintiffs' criminal convictions from 2018 were vacated. Under Indiana law, a judgment that is vacated has no preclusive effect. *See Huffman v. State*, 717 N.E.2d 571, 575 (Ind. 1999) (holding that there was no final judgment on the issue of mitigation when the original criminal trial court judgment and sentence were reversed upon the defendant's post-conviction petition and proceedings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 878 (7th Cir. 1996) ("It is true that 'a judgment which has been reversed on its merits cannot have any claim precluding effect [in subsequent cases].'" (quoting *Koors v. Great Sw. Fire Ins. Co.*, 538 N.E.2d 259, 261 (Ind. Ct. App. 1989))); *Simpson v. Motorists Mut. Ins. Co.*, 494 F.2d 850, 854 (7th Cir. 1974) (holding, in

6

a case brought under Indiana law, that the facts underlying a vacated judgment are "a nullity"). As a result, the underlying criminal proceedings have no preclusive effect. Because there is no issue preclusion from the Plaintiff's vacated convictions, the Defendants motions are DENIED.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES Defendant Michael Solan's Supplemental Motion for Summary Judgment [ECF No. 243] and the Defendant City of Hammond's Supplemental Motion for Summary Judgment [ECF No. 244].

SO ORDERED on March 23, 2022.

                                   s/ Theresa L. Springmann
                                   JUDGE THERESA L. SPRINGMANN
                                   UNITED STATES DISTRICT COURT