UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES HILL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HAMMOND, INDIANA and MICHAEL SOLAN, <br><br> Defendants. | CAUSE NO.: 2:10-CV-393-TLS |

## OPINION AND ORDER

This matter is before the Court on the Defendant City of Hammond, Indiana, and Defendant Michael Solan's Joint Motion of the Defendants to Strike Certain of the Plaintiff's Witnesses and Exhibits [ECF No. 282], filed on September 7, 2022. The Plaintiff James Hill filed his Response [ECF No. 286] on September 21, 2022. The Defendants filed their Reply [ECF No. 287] on September 26, 2022. For the following reasons, the Motion to Strike is granted.

## BACKGROUND

On March 30, 2016, the Court issued an Opinion and Order granting in part and denying in part a number of dispositive motions filed by various Defendants. Mar. 30, 2016 Op. & Order, ECF No. 207. At that time, only two counts from the Plaintiff's Complaint remained:

> Count I, a claim under 42 U.S.C. Section 1983 for violation of plaintiff's Fourteenth Amendment right to a fair trial; and Count III, a Section 1983 claim under *Monell v. Department of Social Services,* 436 U.S. 658 (1978), in which plaintiff alleges that the City created and maintained a custom, policy, or practice of deliberate indifference in the form of failure to adequately train, supervise, and discipline its officers.

*Id.* at 4.

In its ruling, the Court noted that the state court that overturned the Plaintiff's underlying criminal conviction expressly declined to utilize DNA evidence because there was no indication that the Plaintiff had left DNA evidence during the alleged attack; therefore, DNA testing excluding the Plaintiff was not persuasive. *Id.* at 3. The Court also found that issue preclusion barred the Plaintiff from relitigating whether the Hammond Police Department's failure to disclose documents related to hypnosis of the victim constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 8. It dismissed Counts I and III of the Plaintiff's complaint, "insofar as they contain allegations related to the hypnosis documents." *Id.*

The Plaintiff's claims that survived the Defendants' motion to dismiss, as per the Court's ruling, were those "related to the Hammond Police Department's failure to turn over other exculpatory documents, including those related to the blue bag." *Id.* at 8. The three documents that were not turned over to the Plaintiff and formed the basis of his underlying relief in state court consisted of two documents that would have called into question the Plaintiff's connection with a blue bag used to link him to the crime and an interview that could have linked the crime to someone other than the Plaintiff. *Id.* at 2. The Court thus narrowed the remaining issues to those potential *Brady* violations, which the Plaintiff had prevailed on in state court, and the Plaintiff's *Monell* claim against the City. *Id.* at 9, 15–16.

On July 26, 2013, the Plaintiff provided the Defendants with a list of witnesses and exhibits. Def. Ex. B, ECF No. 282-2. And on January 30, 2014, the Plaintiff disclosed to the Defendants a list of expert witnesses he would call to support his claims and defenses. Def. Ex. A, ECF No. 282-1. Included in the Plaintiff's list and disclosure were: Katheryn Colombo and Charlotte Work, representatives of Cellmark Laboratories who would testify that the Plaintiff's DNA did not match the DNA at the crime scene; Kathleen O'Halloran, Richard Wolter, Steven

Lynn, PhD., Thomas Vanes, Lonnie Randolph, David Brandewie, and Fran Hardy, each of whom would opine on the role of hypnosis in this case; Ron Fleming, who would testify as to the lie detector test he administered to the Plaintiff; Stan Lelek, who would testify as to the mental capacity of the Plaintiff in the 1980s based on testing; and Bryan Truitt, who would testify as to the ineffectiveness of counsel during the Plaintiff's criminal trial. *Id.* at 4–10. The Plaintiff also listed exhibits intended to be used with these testimonies. Def. Ex. B at 3–4.

## DISCUSSION

The Defendants move to strike the listed witnesses and exhibits, arguing that they violate the Court's prior rulings in ECF Nos. 205 and 207, which narrowed the remaining issues, and that they are otherwise not material to the remaining issues. Expert witness testimony must be both relevant and reliable. *Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Under the Seventh Circuit's test, an expert witness must have expertise, the reasoning must be scientifically reliable, "and the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.*

Given the Court's March 30, 2016 Opinion and Order dismissing in part the Plaintiff's claims, many of the expert witnesses listed above are no longer relevant to resolving the issues in this case. Testimony provided by the two expert witnesses regarding DNA evidence would be irrelevant. DNA evidence is not at issue in this case; the Plaintiff was granted relief in his underlying state court criminal case because of the Hammond Police Department's failure to produce documents that would have called into question the Plaintiff's connection with a blue bag used to link him to the crime and an interview which could have linked the crime to someone other than the Plaintiff. None of those documents relate to DNA. Moreover, the 2016 Opinion and Order dismissed, as barred by issue preclusion, the parts of Counts I and III that related to

3

hypnosis and failure to turn over documents related to hypnosis. The seven experts offered to testify about the role of hypnosis in this case are therefore also irrelevant.

The Plaintiff argues that the contested witnesses—without specifying which—are relevant because "the Defendants will attempt to present evidence and argument that Plaintiff did commit the offense." Pl. Resp. ¶ 6, ECF No. 286. The Defendant's potential strategy, however, does not refute the state court's conclusion that DNA evidence is not persuasive because there was no indication that the Plaintiff left DNA at the crime scene, nor does it affect this Court's Opinion and Order barring the Plaintiff from relitigating the issues related to hypnosis. The Plaintiff adds that "some witnesses listed . . . will also provide testimony in addition to their proffered opinions Defendants seek to exclude." Pl. Resp. at ¶ 7. But the Plaintiff does not specify which experts will provide additional testimony, what testimony they will provide, nor how that testimony would be relevant to resolving the Plaintiff's *Brady* and *Monell* claims.

The Plaintiff disclosed Ron Fleming, who would testify as to a lie detector test that he administered to the Plaintiff prior to the Plaintiff's 1982 criminal trial. Evidence that influenced the 1982 trial, including a lie detector test, could be relevant here because the Plaintiff's *Brady* claim depends, in part, on the jury's understanding of how the trial would have come out if the undisclosed documents had been disclosed.[1] To be relevant, however, the test would have indeed had to influence the outcome of the 1982 trial. The Plaintiff does not identify the nature of Mr. Fleming's testimony nor how it would have affected the outcome of the 1982 trial, had it been

---

[1] In *Carvajal v. Dominguez*, the Seventh Circuit explained that:
> A *Brady* violation can be broken down into three basic elements: (1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued—in other words, "materiality."

542 F.3d 561, 566–67 (7th Cir. 2008). It elaborated that "[e]vidence is 'material' 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.* at 567 (quoting *Strickler v. Greene*, 527 U.S. 263, 280 (1999)).

4

timely disclosed in that trial. Additionally, the Plaintiff does not explain how Mr. Fleming's testimony regarding the lie detector test may be relevant to proving that the Defendants failed to adequately train, supervise, or discipline its officers for purposes of *Monell* liability. Mr. Fleming's testimony is therefore irrelevant to the remaining issues.

The testimony of Stan Lelek, which would describe the Plaintiff's intelligence testing prior to the 1982 trial, is irrelevant for the same reasons. The Plaintiff does not explain how Mr. Lelek's testimony would have affected the outcome of the 1982 trial, nor has the Plaintiff explained its relevance to the City's *Monell* liability.

Last, the Plaintiff has failed to demonstrate the relevance of Brian Truitt's testimony, which would speak to the ineffectiveness of the Plaintiff's counsel during the 1982 trial. As presented by the Plaintiff, that testimony would not explain how the undisclosed *Brady* documents might have influenced the trial, nor would it shed light on the City's procedures for purposes of *Monell* liability. Moreover, after the Defendants moved to strike Mr. Truitt from the witness list, the Plaintiff did not respond with argument that Mr. Truitt should remain on the list.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Joint Motion of the Defendants to Strike Certain of the Plaintiff's Witnesses and Exhibits [ECF No. 282] and STRIKES from the Plaintiff's List of Witnesses and Exhibits [ECF No. 88] the witnesses listed in ¶¶ 8–11, 14–18, 41, and 44.

SO ORDERED on October 6, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT