UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES HILL, <br><br>                Plaintiff, <br><br>           v. <br><br> CITY OF HAMMOND, INDIANA and MICHAEL SOLAN, <br><br>                Defendants. | CAUSE NO.: 2:10-CV-393-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Pre-Judgment Interest [ECF No. 361], filed on December 13, 2022. The Defendants filed a joint response [ECF No. 363] on December 27, 2022, and the Plaintiff replied [ECF No. 364] on December 30, 2022. After receiving leave from the Court [ECF No. 366], the Defendants filed a joint surreply [ECF No. 367] on January 10, 2023, to which the Plaintiff replied [ECF No. 368] on January 16, 2023. For the reasons set forth below, the Court denies the Plaintiff's motion.

## PROCEDURAL BACKGROUND

On November 22, 2022, a jury returned its verdict in favor of the Plaintiff and against the Defendants. *See* ECF No. 347. The jury found that Defendant Solan denied the Plaintiff's right to a fair trial by withholding impeaching and exculpatory information, *see* ECF No. 350, Instr. 20, and that Defendant City of Hammond's failure to provide adequate training and/or supervision caused the violation of the Plaintiff's rights, *see id.* at Instr. 21. The jury awarded the Plaintiff $25 million in compensatory damages against both Defendants, and it awarded $500,000 in punitive damages against Defendant Solan. ECF No. 347. In the instant motion, the Plaintiff requests that the Court "grant prejudgment interest on the jury's compensatory damage award for

the period of February, 1982, the time of plaintiff's criminal trial . . . until the date of the entry of judgment herein." ECF No. 361, p. 2.

## LEGAL STANDARD

The Seventh Circuit Court of Appeals has held that "federal common law authorizes the award of [prejudgment] interest in appropriate cases to victims of violations of federal law." *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). It has since become well settled that "prejudgment interest is presumptively available to victims of federal law violations." *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572 (7th Cir. 2003) (quoting *Gorenstein*, 874 F.2d at 436). The Court has discretion to decide whether and how to award prejudgment interest, "although there is a presumption in favor of granting such interest." *Frey v. Hotel Coleman*, 903 F.3d 671, 682 (7th Cir. 2018).

"Prejudgment interest restores a plaintiff to the position she would have been in but for the violation." *Id.* "The basic purpose of prejudgment interest is to put a party in the position it would have been in had it been paid immediately. It is designed to ensure that a party is fully compensated for its loss." *Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 935 (7th Cir. 2003); *see also City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 195 (1995) ("The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss.").

## DISCUSSION

In the Plaintiff's Motion for Prejudgment Interest, he cites *Frey* for the proposition that the Court has discretion to award prejudgment interest and argues that "it is appropriate for this Court to grant prejudgment interest." ECF No. 361 at 2. In the Plaintiff's reply, he argues that "given all of the appropriate evidence-based factors present in this matter," the Court should award prejudgment interest. ECF No. 364 at 2. Beyond notifying the Court of its discretion and

pointing the Court to "evidence-based factors," the Plaintiff does not offer any justification for why the Court should award prejudgment interest, including any argument that prejudgment interest is necessary to make the Plaintiff whole or that, without prejudgment interest, the Plaintiff has not been fully compensated for his injury.

In response to the Plaintiff's motion, the Defendants argue that prejudgment interest is not available for the Plaintiff's compensatory damages award because the award was not "readily determinable." ECF No. 363 at 2 (quoting *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (7th Cir. 1987)).[1] In *Williamson*, the Seventh Circuit stated that one reason to deny prejudgment interest was that "the amount of backpay is not readily determinable." 817 F.2d at 1298. The Plaintiff does not refute that his award is not readily determinable, but instead presents caselaw demonstrating that prejudgment interest is available in actions brought under § 1983. *See* ECF No. 364 at 1 (citing *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626 (7th Cir. 2018)).

The amount of compensatory damages in this case was indeed not readily determinable, and generally it is not closely analogous to damages awards for which prejudgment interest has been granted. The damages award here was a judgment of the jury based on its consideration of the Plaintiff's "physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced *and is reasonably certain to experience in the future*." ECF No. 350, Instr. 24 (emphasis added). In contrast, the *Williamson* court held that "[i]nterest is not available on lost *future* wages and pensions; the time value of money is taken into account when these are discounted to present value. Only back pay and expenses incurred in the past may be

---

[1] The Defendants also apply Indiana caselaw and statutes, but they do not explain why Indiana law should apply to an award based on a claim brought under a federal statute, 42 U.S.C. § 1983, for a violation of federal due process rights.

augmented by prejudgment interest." 817 F.2d at 1298 (emphasis added). The Court in this case instructed the jury that "[n]o evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced." ECF No. 350, Instr. 24. A compensatory award of that nature is analogous neither to an award of backpay, *see Williamson*, 817 F.2d at 1297, 1299 (reversing a denial of backpay because the plaintiff not only "lost $9,436.93 for the nine months she was out of work," but could have "invested it at 10%" and "had $24,547.00 ten years later"), nor to an award of trademark infringement, *see Gorenstein*, 874 F.2d at 436 (awarding prejudgment interest on damages that were based on unpaid royalties between a franchisee and its franchisor).

Even though prejudgment interest has been awarded in § 1983 cases and there is a presumption in favor of granting prejudgment interest for violations of federal law, prejudgment interest is only authorized for "appropriate" cases. *Id.* at 436. This case, in which prejudgment interest does not appear to serve its purpose, is not an appropriate case for prejudgment interest. In *Frey*, the court wrote that "[c]ourts award prejudgment interest because compensation deferred is compensation reduced by the time value of money, and only prejudgment interest can make the plaintiff whole." 903 F.3d at 682 (quotation marks omitted). Unlike cases involving backpay, this case does not involve deferred compensation and therefore does not involve compensation reduced by the time value of money. *See Hogan v. Cherokee County*, No. 1:18-CV-00096, 2022 WL 549590, at *2 (W.D.N.C. Feb. 22, 2022) (reasoning, in a case where damages were "not easy to measure," that "[a]s the primary purpose of prejudgment interest is to compensate a plaintiff for the loss of the use of money, *see* [*West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987)], fairness would dictate that an award of prejudgment interest would not be appropriate here"). The reasoning of the United States District Court for the Western

4

District of Tennessee in *Umfress v. City of Memphis*, explaining its refusal to grant prejudgment interest, is similarly applicable here:

> Prejudgment interest is necessary with an award of backpay because Plaintiff was wrongfully deprived of the time-value of her wages. The same is not true for non-economic damages, where the jury is asked to assess the full extent of injury and award that amount. There is no period of time in which Plaintiff was wrongfully deprived of the use of such non-economic damages, and she is not entitled to be repaid for the time-value of the § 1983 award.

No. 2:17-CV-02568, 2020 WL 12969188, at *2 (W.D. Tenn. Oct. 19, 2020).

The Plaintiff requests that the Court grant prejudgment interest on his compensatory damages award, but he has not provided any argument to justify why the Court should do so. Also, the Plaintiff has not established that prejudgment interest is available for his compensatory damages award. Traditional damages awards for which the presumption in favor of granting prejudgment interest readily applies, such as awards for backpay or trademark infringement, involve readily determinable damages and account only for expenses or injuries incurred in the past. The Plaintiff's award is for non-economic damages and accounts for future injury. Since this is not a case in which the Plaintiff was wrongfully deprived of money, one in which prejudgment interest would be useful to account for the time value of money, it is not an appropriate case for an award of prejudgment interest.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES the Plaintiff's Motion for Pre-Judgment Interest [ECF No. 361].

SO ORDERED on January 24, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT