UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES HILL, ) | |
|    the Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:10-cv-393-TLS |
| ) | |
| CITY OF HAMMOND, INDIANA and ) | |
| MICHAEL SOLAN, ) | |
|    the Defendants. ) | |

**JOINT RESPONSE OF THE DEFENDANTS TO THE PLAINTIFF'S
"PETITION FOR ATTORNEYS' FEES AND COSTS," [DE373]**

The Defendant, City of Hammond, by its attorneys, Eichhorn & Eichhorn, LLP, and the Defendant, Michael Solan, by his attorneys, Levinson & Levinson, state the following for their Joint Response in opposition to the Plaintiff's "Petition For Attorneys' Fees And Costs," ("Fee Petition"):

**A.  INTRODUCTION**

1. The Plaintiff filed his Fee Petition on February 6, 2023. [DE373, generally] In his Fee Petition, the Plaintiff seeks to recover attorney's fees in the total amount of $541,430.00 based upon 2,189 reported hours of work, and expenses in the total amount of $43,442.86. [DE 373, generally, ¶3, Exhibit A, Exhibit B, purported expense ledger, Exhibits C & D, Exhibit E, purported expense ledger, and prayer for relief]

**B.  THE APPLICABLE STANDARDS**

2. Hill is currently a "prevailing party" with regard to his §1983 claims, but that still only entitles him to reasonable hours expended at reasonable rates, and reasonable costs expended, that he has properly documented with supporting evidence pursuant to the "lodestar" method established by the United States Supreme Court and the United States Court of Appeals for the Seventh Circuit. *See* 42 U.S.C. §1988(b) & (c); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983);

*Richardson v. City of Chicago,* 740 F.3d 1099, 1101, 1103-04 (7th Cir. 2014); *Miller v. Artistic Cleaners,* 153 F.3d 781, 783-85 (7th Cir. 1998); *Alexander v. Gerhardt Enterprises, Inc.,* 40 F.3d 187, 194-95 (7th Cir. 1994). This "lodestar" method is governed not by the size of the damages awarded to the prevailing party, but rather, by factors set forth in *Hensley* by the Supreme Court. *Hensley v. Eckerhart*, 461 U.S. at 433-34, 437; *Alexander,* 40 F.3d at 194-95.

3. The fee applicant bears the burden of establishing his entitlement to an award. He must document the appropriate hours expended, and is required to maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Hensley,* 461 U.S. at 437; *Accord Richardson,* 740 F.3d at 1103, (noting that the petitioner must provide sufficiently-detailed records and the propriety of reductions for the petitioner's failure to do so).

4. In determining the amount of attorney's fees to be awarded to a prevailing plaintiff under 42 U.S.C. §1988, the initial step is determining the "lodestar" figure.

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.

*Hensley*, 461 U.S. at 433. "The appropriate fee under §1988 is the market rate for the legal services reasonably devoted to the successful portion of the litigation." *Richardson,* 740 F.3d at 1103, (*citing inter alia, Hensley*). *See also Alexander,* 40 F.3d at 193-95, (affirming the district court's 25% reduction ).

5. Counsel for the prevailing party should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensely,* 461 U.S. at 434; *Alexander,* 740

F.3d at 1103, ("As *Hensely* put it, a court may 'identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'")

6. The docket in this matter shows that Plaintiff has been represented by a series of counsel, one of whom withdrew early on due to a reported conflict of interest. Two other sets of attorneys were terminated, including Mitchell Peters. (See [DE373, Exhibit B].)

7. As Section C., *infra,* demonstrates, the Plaintiff's Fee Petition is supported by the conclusory affidavit of only one of his counsel, Scott King. Documentation of the work allegedly performed by Mr. Peters prior to termination, and the expenses claimed by him and the Plaintiff's other terminated counsel, consists solely of unsworn hearsay documents supposedly prepared by Mr. Peters. [DE373, Exhibit B] Mr. King lacks personal knowledge as to this portion of the Plaintiff's claim; it is thus unsupported by affidavit and is undocumented. [DE373, Exhibit B]

8. Furthermore, Mr. Peters' claim for attorney's fees is not supported by any billing records, nor is the expense ledger supported by any actual bills or payment documents. For this reason alone, any request for fees and expenses related to Mr. Peters' time and expenses should be summarily rejected. *See Alexander,* 740 F.3d at 1103-04. Other deficiencies in the Plaintiff's Fee Petition which warrant other reductions are set forth in Sections C. & D, *infra.*

**C. THE PLAINTIFF'S ATTORNEY'S FEE REQUEST SHOULD BE REDUCED.**

9. In determining a proper fee award under §1988, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley,* 461 U.S. at 433. As noted above, this is especially applicable to the fee award sought for Mr. Peters, whose submission is not under oath and is not supported by any billing time sheets.

10. Discovery is needed in order to determine if, in fact, the amounts requested are proper. The Defendants have not been yet afforded any such opportunity to obtain discovery in order to oppose the Plaintiff's Fee Petition. The Defendants are willing to forego this needed discovery if their proposed reductions to the Plaintiff's Fee Petition are accepted. *Hensely,* 461 U.S. at 437, ("Ideally, of course, litigants will settle the amount of a fee.")

11. Mr. Peters handled this matter since its filing, and he asserts that he has expended approximately 1500 hours prior to his termination. This is roughly 68% of the overall number of hours submitted by the Plaintiff. Mr. Peters has not documented any of his time, however, least of all that time that he must exclude from his fee request — "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. For this reason, excessiveness and redundancy in Mr. Peter's purported hours, including by comparison with the Plaintiff's replacement counsels' hours, cannot be performed. Moreover, Mr. Peters' expense ledger lists expenses dating well before the date upon which this matter was filed in 2010, which suggests that his hours sought include his handling of other past litigation matters for the Plaintiff.

12. For these reasons, the Court should strike Mr. Peters' portion entirely or, in the alternative, the Defendants will agree to a ½ reduction in the number of Mr. Peters' hours to 750 hours, sight unseen, if the Court or the Plaintiff accepts the Defendants' proposed reductions in this Joint Response. *Richardson,* 740 F.3d at 1101, 1103, (noting that a court may reduce a request "across-the-board" for lack of documentation, particularly when unsuccessful motions or claims are not delineated in, or supported by, billing records).

13. The type of litigation involved in this matter also is not particularly specialized, such as patent or admiralty law, for example. The Plaintiff has not offered any such evidence of market rates for attorney's fees in his Fee Petition to satisfy his proof obligation in this regard, nor the amounts that any of his counsel regularly bill to their respective clients for similar matters. [DE373, generally]

14. Nor has the Plaintiff provided any evidence regarding the experience of his various counsel, although the Defendants do not oppose Mr. Peters' proposed rate of $200.00. [DE373, generally] The other rates sought in the Plaintiffs Fee Petition, however, are excessive, particularly in the case of the $350.00 per hours rates sought for Mr. Brown and Ms. Murdaugh. *Miller,* 153 F.3d at 784-85, (affirming the district court's reduction of the $250.00 per hour rate requested by the petition to $125.00 per hour).

15. The Plaintiff submitted a requested rate for Mr. Peters of $200.00 per hour. This rate is consistent with the highest rate for the Defendants' counsel, Mr. David Jensen. A summary of Mr. Jensen's bio, awards and accomplishments, appellate cases/opinions and trials is attached as Exhibit No. 1. It is beyond dispute that Mr. Jensen is one of the most experienced and highly-regarded litigators in both federal and state appellate and trial courts in Northwest Indiana, if not the State of Indiana. (See attached Exhibit No. 1.) Mr. Jensen's rate in this matter at this time is $225.00 per hour, although in the past it has been less.

16. The Defendants are certainly familiar with Mr. Peters and Mr. King, and will give Mr. King his due as the Plaintiff's lead counsel at trial. Therefore, the Defendants also do not oppose a rate of $300.00 per hour for Mr. King. No evidence has been submitted by the Plaintiff for Ms. Murtaugh or Mr. Brown regarding their education, training or experience, however, particularly in the area of law involved in this lawsuit. *Miller,* 153 F.3d at 784-85, (reducing the rate for attorney's

5

fees in half requested for petitioner's counsel despite his twenty-four years of experience). Based upon their Indiana Supreme Court assigned Bar numbers, it appears that each has practiced law in the range of 10-12 years, which is also less than Mr. Peters. So for these reasons, the Court should apply a $200.00 per hour rate Ms. Murtaugh and Mr. Brown.

17. As for the specific time entries in the Plaintiff's Exhibits A, C and D, there is no affidavit testimony to suggest that these entries have been culled to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. The Court certainly struck many of the Plaintiff's witnesses and contentions, such as the eleventh hour attempt years after the close of discovery to inject David Gibson as a purported expert witness in this matter. But rather than engage in discovery, hold the Plaintiff to his proof burden and extend the Court's review of the merits of the Plaintiff's specific fee requests in protracted litigation over the specific time entries that might by properly excised from Exhibits A, C and D, the Defendants will refrain from objecting in this regard to Mr. King's, Ms. Murtaugh's and Mr. Brown's rates and specific time entries if the Court accepts the Defendants rates proposals for each of them and the other reductions proposed by the Defendants in this Joint Response.

**D.  THE PLAINTIFF'S EXPENSE REQUEST SHOULD BE REDUCED.**

18. The Plaintiff's expense request consists of two ledgers that are contained within Exhibit B and at Exhibit E. There are no actual bills, invoices or payment documents attached for any of these requested items. The items sought also are frequently referenced summarily and in a fashion which cannot be guaranteed to be appropriate, or even connect to this lawsuit for certain. Some are also for expert fees sought for barred experts, such as David Gibson, Steven Lynn and Stan Lelek, or experts like Russell Fischer, who the Plaintiff did not even use. However, again, rather

6

than engage in discovery, hold the Plaintiff to his proof burden and extend the Court's review of the merits of the Plaintiff's specific expense requests in protracted litigation over the specific expenses that might by properly excised from Exhibits B and E, the Defendants will refrain from objecting in this regard if the Court excises what appear to be the expert fees sought by the Plaintiff in the amount of $24,426.20 and the other reductions proposed by the Defendants in this Joint Response.

### E.  SUMMARY

19. The Plaintiff's Fee Petition is not properly supported by evidence per the standards required by the U.S. Supreme Court and the Seventh Circuit. In addition, the Defendants require discovery in order to test the attorney's fees and expense sought to make certain that they are proper under law. However, in order to avoid engaging in discovery, holding the Plaintiff to his proof burden and extending the Court's review of the merits of the Plaintiff's specific requests in protracted litigation, the Defendants are willing to refrain from objecting if the Court accepts the following reductions:

- Mr. King's fees at $300.00 per hour for 134.1 hours, for a total of $40,230.00.
- Mr. Murtaugh's fees at $200.00 per hour for 309.8 hours, for a total of $61,960.00.
- Mr. Brown's fees at $200.00 per hour for 245.9 hours, for a total of $49,180.00.
- Mr. Peters' fees at $200.00 per hour for 750 hours, for a total of $150,000.00.
- A reduction in expenses in the amount of $24,426.20, leaving $19,016.66.

This would result in an uncontested total award of expenses in the amount of $320,386.66.

**WHEREFORE**, the Defendants, City Of Hammond and Michael Solan, request that the Court enter an order which denies the Plaintiff's Petition For Attorneys' Fees And Expenses, and permits the Defendants to proceed with discovery related thereto, or reduces said Petition in the total amounts set forth herein, and enters all other appropriate relief in the Defendants' favor.

Respectfully submitted,

| **LEVINSON & LEVINSON** | **EICHHORN & EICHHORN, LLP** |
|---|---|
| By: /s/Donald P. Levinson<br>One of the attorneys for Michael Solan | By: /s/David C. Jensen<br>One of the attorneys for the Defendant, City of Hammond |
| Donald P. Levinson, #8789-45<br>Shana D. Levinson, #21350-45<br>Levinson & Levinson<br>122 W. 79th Avenue<br>Merrillville, IN 46410<br>Telephone: 219-769-1164<br>Telecopier: 219-769-0337 | David C. Jensen, #4893-45<br>Robert J. Feldt, #16311-45<br>**EICHHORN & EICHHORN, LLP**<br>2929 Carlson Drive, Suite 100<br>Hammond, IN 46323<br>Telephone: 219-931-0560<br>Telecopier: 219-931-5370 |

## **CERTIFICATE OF SERVICE**

I, David C. Jensen, hereby certify that, on the 20th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

>Scott King
>Lakeisha Murdaugh
>King & Murdaugh
>9211 Broadway
>Merrillville, IN 46410
>
>Russell Brown
>The Region Lawyers, Inc.
>9223 Broadway, Suite E
>Merrillville, IN 46410
>
>Donald P. Levinson
>Shana D. Levinson
>Levinson & Levinson
>122 W. 79th Avenue
>Merrillville, IN 46410

/s/David C. Jensen
David C. Jensen