# EICHHORN & EICHHORN, LLP
### ATTORNEYS AT LAW

www.eichhorn-law.com

**David C. Jensen**
djensen@eichhorn-law.com

2929 Carlson Drive, Suite 100
Hammond, IN 46323

T 219-931-0560
F 219-931-5370

## David C. Jensen



**Title:** Senior Partner

**Born:** Oak Park, IL

**Education:**
DePauw University (B.A., 1968)
University of Michigan (J.D., 1971)
Phi Eta Sigma; Phi Beta Kappa

**Bar Admissions:**
1971 Indiana
1971 U.S. Court of Appeals for the Seventh Circuit
1975 Illinois
1983 U.S. Supreme Court

**Best Lawyers in America:**
Included for 40+ years
2012-current Bet-the-Company Litigation
2012-current Commercial Litigation and Municipal Litigation
2023 Professional Malpractice Law - Defendants

**Peer Review Rating:** AV

**Indiana Super Lawyer:** 2004-current

**Fellow:** American College of Lawyers, 1989-current

**Awards:**
Advocate, American Board of Trial Advocates, 2011
Diplomat, Defense Trial Counsel of Indiana, 2010

**Practice Areas:**
Litigation
Appellate Practice
Professional Liability and Licensing
Medical Malpractice Defense
Dental Malpractice Defense
Legal Malpractice Defense
Health Care
Municipal Defense

**Office:**
Hammond and Indianapolis



DEFENDANT'S
EXHIBIT
No. 1

Northwest Indiana          Indianapolis          South Bend / Mishawaka

**DAVID C. JENSEN**
EICHHORN & EICHHORN, LLP
2929 Carlson Drive, Suite 100
P.O. Box 2275
Hammond, Indiana 46323
Tel. (219) 931-0560
Fax (219) 931-5370


10201 N. Illinois Street
Suite 240
Indianapolis, Indiana 46290
Tel. (317) 228-9670
Fax (317) 228-9569


*Professional Background*

| | |
|---|---|
| 1971 to Present: | Eichhorn & Eichhorn, LLP and its predecessors, Schroer, Eichhorn & Morrow and Eichhorn, Eichhorn & Link.  Partner 1976 to date.  Managing Partner 1995 to 2011. |


*Areas of Expertise*

Litigation, both trial and appellate, with special emphasis on professional liability and commercial litigation.

*Admissions*

Admitted to practice, Indiana 1971; Illinois, 1975; United States Federal Court for the Southern District of Indiana, 1971; United States Federal District Court for the Northern District of Indiana, 1971; United States Court of Appeals, Seventh Circuit, 1971; U.S. Supreme Court, 1983.

*Education*

DePauw University (B.A., 1968); University of Michigan (J.D., 1971).  Elected to Phi Eta Sigma; Phi Beta Kappa.

*Professional Memberships*

Lake County Bar Association, Indiana State Bar Association, Illinois State Bar Association and American Bar Association.

Fellow, American College of Trial Lawyers 1989 to date; Fellow, International Society of Barristers 1989-2014; 2010 Diplomat, Defense Trial Counsel of Indiana, Lifetime Achievement; 2011 Advocate, American Board of Trial Advocates; Best Lawyers in America, 1983 to current (Bet-the-Company Litigation; Commercial Litigation and Municipal Litigation); Indiana Super Lawyers 2004 to current.

## Indiana / Illinois Cases

Blackford v. Welborn Clinic, 172 N.E.3d 1219 (Ind. 2021)*

Obermeier v. Nw. Mem'l Hosp., 2019 IL App (1st) 170553, 134 N.E.3d 316*

Anonymous Physician v. Kendra, 114 N.E.3d 545 (Ind. Ct. App. 2018), transfer
    denied, 2019 WL 1199932 (Ind. Mar. 7, 2019)

Andrade v. City of Hammond, 114 N.E.3d 507 (Ind. Ct. App. 2018), transfer
    denied, 2019 WL 1200094 (Ind. Mar. 7, 2019)

Goodwin v. DeBoer, 112 N.E.3d 214 (Ind. Ct. App. 2018), reh'g denied (Nov.
    29, 2018)

Biedron v. Anonymous Physician 1, 106 N.E.3d 1079 (Ind. Ct. App. 2018),
    reh'g denied (Sept. 12, 2018), transfer denied, 2019 WL 192609 (Ind.
    Jan. 10, 2019)*

Roumbos v. Vazanellis, 71 N.E.3d 64 (Ind.Ct.App. 2017), *reversed in part and
    remanded*, 95 N.E.3d 63 (Ind. 2018)*

Robertson v. Anonymous Clinic, 63 N.E.3d 349 (Ind. Ct. App. 2016), *transfer
    denied*, 2017 WL 678521 (Ind. Feb. 16, 2017)*

Indiana Restorative Dentistry, P.C. v. Laven Ins. Agency, Inc., 27 N.E.3d 260
    (Ind. 2015), *reh'g denied* (June 2, 2015), as corrected (June 2, 2015)

Rueth Dev. Co. v. Powers-Rueth & Assocs., 23 N.E.3d 51 (Ind.Ct.App. 2014)*

Dumont v. Davis, 992 N.E.2d 795 (Ind.Ct.App. 2013)

Dykstra v. City of Hammond, 985 N.E.2d 1105 (Ind.Ct.App. 2013)

Pine v. Stirling, 964 N.E.2d 316 (Ind.Ct.App. 2012), *trans. denied*\*

Zunica v. Zuncor, Inc., 953 N.E.2d 1281 (Ind.Ct.App. 2011)

Hematology-Oncology of Indiana, P.C. v. Fruits, 950 N.E.2d 294 (Ind. 2011)

Mazurkiewicz v. Hodakowski, 949 N.E.2d 886 (Ind.Ct.App. 2011)

Coppolillo v. Cort, 947 N.E.2d 994 (Ind.App. 2011)

* Argued

Borders v. City of Elkhart, 928 N.E.2d 651 (Ind.Ct.App. 2010)

Yoost v. Zalcberg, 925 N.E.2d 763 (Ind.Ct.App. 2010)

A.S. v. LaPorte Regional Health System, Inc., 921 N.E.2d 853 (Ind.App. 2010)

Jeffrey ex rel. Jeffrey v. Kirsh & Kirsh, 930 N.E.2d 1245 (Ind.Ct.App. 2010)

Bowman Heintz Boscia & Vician, P.C. v. Borns, 919 N.E.2d 617 (Ind.Ct.App.
        2009)

Benjamin v. Benjamin, 918 N.E.2d 468 (Ind.Ct.App. 2009)

Family Care Ctr. of Indiana Med. Specialists v. Review Bd. of Indiana Dep't of
        Workforce Dev., 918 N.E.2d 467 (Ind.Ct.App. 2009)

Simon Investments, LLC v. Mercantile Nat. Bank of Indiana, 910 N.E.2d 861
        (Ind.Ct.App. 2009)

Gould v. Musselman, 908 N.E.2d 710 (Ind.Ct.App. 2009)

Popovich v. Danielson, 896 N.E.2d 1196 (Ind.App. 2008)

Parkevich v. Harlow, 893 N.E.2d 345 (Ind.Ct.App. 2008)

Singh v. Lyday, 889 N.E.2d 342 (Ind.Ct.App. 2008)

Baumgart v. DeFries, 888 N.E.2d 199 (Ind.Ct.App. 2008)

Dennerline v. Atterholt, 886 N.E.2d 582 (Ind.Ct.App. 2008)*

Darnell v. Darnell, 883 N.E.2d 897 (Ind.Ct.App. 2008)

Kochis v. City of Hammond, 883 N.E.2d 182 (Ind.Ct.App. 2008)

Smith & Wesson Corp. v. City of Gary, 875 N.E.2d 422 (Ind.Ct.App. 2007)

Munster Community Hospital v. Bernacke, 874 N.E.2d 611 (Ind.Ct.App.2007),
        *rehearing denied*

Brown v. Katz, 868 N.E.2d 1159 (Ind.Ct.App. 2007)

Terry Dittrich Chrysler-Jeep, Inc. v. Mercantile Nat. Bank of Indiana, 856
        N.E.2d 789 (Ind.Ct.App. 2006)

* Argued

Benjamin v. Benjamin, 849 N.E.2d 719 (Ind.Ct.App. 2006)

Cox v. N. Ind. Pub. Serv. Co., 848 N.E.2d 690 (Ind.Ct.App. 2006)

Precision Homes of Indiana, Inc. v. Pickford, 844 N.E.2d 216 (Ind.Ct.App. 2006)

Tobin v. Ruman, 819 N.E.2d 78 (Ind.Ct.App. 2004)

Bielfeldt v. Nims, 805 N.E.2d 415 (Ind.Ct.App. 2004)

AKJ Industries v. Mercantile National Bank, 779 N.E.2d 543 (Ind.Ct.App. 2002)

City of Gary ex rel. King v. Smith & Wesson Corp., 776 N.E.2d 368 (Ind. Ct. App. 2002), transfer granted, opinion vacated sub nom. City of Gary v. Smith & Wesson Corp., 792 N.E.2d 36 (Ind. 2003), and vacated, 801 N.E.2d 1222 (Ind. 2003)

McGarrity v. Berlin Metals, Inc., 774 N.E.2d 71 (Ind.Ct.App. 2002)

Goleski v. Fritz, 768 N.E.2d 889 (Ind. 2002)

Langman v. Milos, D.P.M., 765 N.E.2d 227 (Ind.Ct.App. 2002)

Loomis v. Ameritech, 764 N.E.2d 658 (Ind.Ct.App. 2002)

Johnson v. Gupta, M.D., 762 N.E.2d 1280 (Ind.Ct.App. 2002)*

In re Estate of Meyer, 747 N.E.2d 1159 (Ind.Ct.App. 2001)

Alderson v. Southern Company, 747 N.E.2d 926 (Ill.App.Ct. 2001)*

Rocco Fridono v. Charles M. Chuman, M.D., 747 N.E.2d 610 (Ind.Ct.App. 2001)

Grubnich v. Renner, 746 N.E.2d 111 (Ind.Ct.App. 2001)

Douglas v. Monroe, 743 N.E.2d 1181 (Ind.Ct.App. 2001)

Bernstein v. Glavin, 725 N.E.2d 455 (Ind.Ct.App. 2000)

Gold v. Ishak.M.D., 720 N.E.2d 1175 (Ind.Ct.App. 1999)

* Argued

Emergency Physicians of Indianapolis v. Pettit, 718 N.E.2d 753 (Ind. 1999)

Halbe v. Weinberg, M.D., 717 N.E.2d 876 (Ind.Ct.App. 1999)

Sword v. NKC Hospitals, Inc., 714 N.E.2d 142 (Ind. 1999)*

Martin v. Richey, 711 N.E.2d 1273 (Ind. 1999)*

Bhagwat v. Cox, 706 N.E.2d 1132 (Ind. Ct. App. 1999)

Koval v. Simon Telelect, Inc., 693 N.E.2d 1299 (Ind. 1998)

Weinberg v. Geary, 686 N.E.2d 1298 (Ind.Ct.App. 1997)

Johnson v. Gupta, M.D., 682 N.E.2d 827 (Ind.Ct.App. 1997), transfer granted,
    opinion vacated, 698 N.E.2d 1192 (Ind. 1998)*

Bonaventura v. Leach, 670 N.E.2d 123 (Ind.Ct.App. 1996)

Int'l Union of Operating Engineers v. Beck, 669 N.E.2d 441 (Ind.Ct.App. 1996)

Howard Publications Inc. v. Lake Michigan Charters, Ltd., 658 N.E.2d 582 (Ind.
    1995)

Calumet National Bank v. A.T.&T., 654 N.E. 2d 816 (Ind.Ct.App. 1995)

Polick v. Indiana Department of Highways, 650 N.E.2d 331 (Ind.Ct.App. 1995),
    transfer granted 668 N.E. 2d 682 (Ind. 1996)

Bonnes v. Feldner, M.D., 642 N.E.2d 217 (Ind. 1994)

Weinberg v. Bess, 638 N.E.2d 814 (Ind.Ct.App. 1994), on transfer, 717 N.E.2d
    584 (Ind. 1999)*

Indiana Utility Regulatory Com'n v. Gary Joint Venture, 609 N.E.2d 7
    (Ind.Ct.App. 1993)

McGee v. Bonaventura, M.D., 605 N.E.2d 792 (Ind.Ct.App. 1993)

Brenner v. Estanovich, 604 N.E.2d 1268 (Ind.Ct.App. 1992)

Walker v. Rinck, M.D., 604 N.E.2d 591 (Ind. 1992)

Bova v. Roig, M.D., 604 N.E.2d 1 (Ind.Ct.App. 1992)

* Argued

Oelling v. Rao, M.D., 593 N.E.2d 189 (Ind. 1992)

Northern Indiana Public Service Co. v. East Chicago Sanitary Dist., 590 N.E.2d
    1067 (Ind.Ct.App. 1992)

Kerr v. Carlos, M.D., 582 N.E.2d 860 (Ind.Ct.App. 1991)

Citizens Action Coalition of Indiana, Inc. v. Northern Indiana Public Service
    Co., 582 N.E.2d 387 (Ind.Ct.App. 1991)

Castillo v. Ruggiero, M.D., 562 N.E.2d 446 (Ind.Ct.App. 1990)

Citizens Action Coalition of Indiana, Inc. v. NIPSCO, 555 N.E.2d 162
    (Ind.Ct.App. 1990)

State of Indiana v. Heltzel, 552 N.E.2d 31 (Ind. 1990)*

NIPSCO v. Citizens Action Coalition of Indiana, Inc., 548 N.E.2d 153 (Ind.
    1989)

Planned Parenthood of Northwest Indiana, Inc. v. Vines, 543 N.E.2d 654
    (Ind.Ct.App. 1989)

Tolliver v. Mathas, 512 N.E.2d 187 (Ind.Ct.App. 1987), on rehr'g, 538 N.E.2d
    971 (Ind.Ct.App. 1989)

Office of Utility Consumer Counselor v. NIPSCO, 538 N.E.2d 957 (Ind.Ct.App.
    1989), *trans. denied*

Fardy v. Physicians Health Rehabilitation Services, Inc., 529 N.E.2d 879
    (Ind.Ct.App. 1988)

Heltzel v. Thomas 529 N.E.2d 345 (Ind. 1988)

Vesolowski v. Repay, M.D., 520 N.E.2d 433 (Ind. 1988)

City of Hammond, Lake County v. NIPSCO, 506 N.E.2d 49 (Ind.Ct.App. 1987)

St. Mary's Byzantine Church v. Mantich, 505 N.E.2d 811 (Ind.Ct.App. 1987)

NIPSCO v. State of Indiana, 504 N.E.2d 311 (Ind.Ct.App. 1987)

Mulroe v. Angerman, D.D.S., 492 N.E.2d 1077 (Ind.Ct.App. 1986)


* Argued

Citizens Action Coalition of Indiana, Inc. v. NIPSCO, 485 N.E.2d 610 (Ind. 1985)

United States Steel Corporation v. NIPSCO, Inc., 482 N.E.2d 501 (Ind.Ct.App. 1985), 486 N.E.2d 1082 (Ind.Ct.App. 1985) reh.den.

Cha v. Warnick, 476 N.E.2d 109 (Ind. 1985)

Spoljaric v. Pangan, M.D., 466 N.E.2d 37 (Ind.Ct.App. 1984)

Detterline v. Bonaventura, M.D., 465 N.E.2d 215 (Ind.Ct.App. 1984), *trans. denied*\*

Hepp v. Pierce, M.D., 460 N.E.2d 186 (Ind.Ct.App. 1984)

Wojcik v. Almase, M.D., 451 N.E.2d 336 (Ind.Ct.App. 1983)

Fall v. White, M.D., 449 N.E.2d 628 (Ind.Ct.App. 1983)

Perry v. NIPSCO, 433 N.E.2d 44 (Ind.Ct.App. 1982)

Illinois-Indiana Cable Television Association, Inc. v. Public Service Commission of the State of Indiana, 427 N.E.2d 1100 (Ind.Ct.App. 1981)

Cablevision of Chicago v. Colby Cable Corporation, 417 N.E.2d 348 (Ind.Ct.App. 1981)\*

Searcy v. Mangahas, M.D., 415 N.E.2d 142 (Ind.Ct.App. 1981)

Boland v. Greer, 409 N.E.2d 1116 (Ind.Ct.App. 1980), on transfer, 422 N.E.2d 1236 (Ind. 1981)\*

Southern School Buildings, Inc. v. Loew Electric, Inc., 407 N.E.2d 240 (Ind.Ct.App. 1980)

Johnson v. St. Vincent Hospital, Inc., 273 Ind. 374, 404 N.E.2d 585 (1980)

Bethlehem Steel Corp. v. Northern Indiana Public Service Company, 397 N.E.2d 623 (Ind.Ct.App. 1979)

Indiana Forge and Machine Company, Inc. v. NIPSCO, 396 N.E.2d 910 (Ind.Ct.App. 1979)

\* Argued

Southern Indiana Gas and Electric Company v. Cornelison, 269 Ind. 71, 378 N.E.2d 845 (1978)*

Stath v. Williams, 174 Ind.App. 369, 367 N.E.2d 1120 (1977)

Rhoda v. NIPSCO, 171 Ind.App. 401, 357 N.E.2d 287 (1976)

Ruman v. Eskew, 168 Ind.App. 428, 343 N.E.2d 806 (1976)*

Alabach v. NIPSCO, 164 Ind.App. 471, 329 N.E.2d 645 (1975)*

J.M. Foster Company, Inc. v. NIPSCO, Inc., 164 Ind.App. 72, 326 N.E.2d 584 (1975)*

Federal National Mortgage Association v. Great American Insurance Company, 157 Ind.App. 347, 300 N.E.2d 117 (1973)

Wecker v. Kilmer, M.D., 260 Ind. 198, 294 N.E.2d 132 (1973)

February 20, 2023

* Argued

## Published Decisions

### Federal Cases

Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650 (7th Cir. 2012)*

Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642 (7th Cir. 2011)*

Medical Assur. Co., Inc. v. Hellman, 610 F.3d 371 (7th Cir. 2010)*

Mayes v. City of Hammond, 290 Fed.Appx. 945 (7th Cir. 2008)*

Anderson v. LaSalle Steel Co., 129 Fed.Appx. 311 (7th Cir. 2005)

Franciski v. University of Chicago Hospitals, 338 F.3d 765 (7th Cir. 2003)

Discovery House v. Consolidated City of Indianapolis, 319 F.3d 277 (7th Cir. 2003)*

Northern Indiana Public Service Company v. Commissioner of Internal Revenue Service, 115 F.3d 506 (7th Cir. 1997)

Hill v. Swarner, 90 F.3d 220 (7th Cir. 1996)*

Addis v. Holy Cross Health System Corp., 88 F.3d 482 (7th Cir. 1996)

A.I.A.C. v. Galvin, 86 F.3d 1455 (7th Cir. 1996) *reh'g. denied**

Cuddington v. Northern Indiana Public Service Co., 33 F.3d 813 (7th Cir. 1994)*

Bafia v. Northern Indiana Public Service Co., 993 F.2d 1306 (7th Cir. 1993)

Hartz v. Friedman, 919 F.2d 469 (7th Cir. 1990)*

Bailey v. NIPSCO, 910 F.2d 406 (7th Cir. 1990)*

Malak v. Associated Physicians, Inc., 784 F.2d 277 (7th Cir. 1986)*

Burns v. Rockford Life Insurance Company, 740 F.2d 542 (7th Cir. 1984)

Shaffer v. Globe Protection, Inc., 721 F.2d 1121 (7th Cir. 1983)*

First National Bank of Lansing v. Kreps, 700 F.2d 372 (7th Cir. 1983)*

* Argued

Porter County Chapter, Izaak Walton League v. Atomic Energy Commission, 515 F.2d 513 (7th Cir. 1975), rev'd per curiam 423 U.S. 12; on remand 533 F.2d 1011 (1976); cert. denied, 429 U.S. 945 (1977)

Wecker v. Kilmer, M.D., 471 F.2d 782 (7th Cir. 1972)

DeHoyos v. John Mohr & Sons, 629 F.Supp. 69 (N.D. Ind. 1984), aff'd 778 F.2d 1278 (7th Cir. 1985)*

Medical Assur. Co., Inc. v. Weinberger, 295 F.R.D. 176 (N.D.Ind. 2013)

Koval v. Simon Telelect, Inc., 979 F.Supp. 1222 (N.D.Ind. 1997)

Back v. Carter, 933 F.Supp. 738 (N.D.Ind. 1996)*

Heffner v. Division 520, General Committee of Adjustment, The Brotherhood of Locomotive Engineers, 587 F.Supp. 387 (N.D. Ind. 1984)

NIPSCO v. Envirotech Corp., 566 F.Supp. 362 (N.D. Ind. 1983)

Cox v. Guy F. Atkinson Company, 468 F.Supp. 677 (N.D. Ind. 1979)*


February 20, 2023


* Argued



EICHHORN&EICHHORN, LLP
ATTORNEYS AT LAW

www.eichhorn-law.com

David C. Jensen
djensen@eichhorn-law.com

2929 Carlson Drive, Suite 100
P.O. Box 2275
Hammond, Indiana 46323

T 219.931.0560
F 219.931.5370

## REPRESENTATIVE TRIALS OF DAVID C. JENSEN

| DATE | CAPTION[1]/ | VENUE | CLAIM | OUTCOME |
|---|---|---|---|---|
| June 2019 | Obermeier v. **Edwards Lifesciences** | United States District Court Northern District of Illinois | Edwards is a medical device manufacturer It manufactures an annuloplasty ring to treat myxomatous heart disease and mitral valve regurgitation. This "myxo" ring was actually conceived and designed by the co-defendant, plaintiff's cardiac surgeon. During surgery to repair the plaintiff's myxomatous disease and mitral valve regurgitation, the co-defendant selected the "myxo" ring in question among various other myxo ring options. Plaintiff suffered a heart attack during surgery, possibly due to the placement of a surgical stitch on one of the valve leaflets, a known complication of the surgical repair. Plaintiff's surgical repair was a success; the myxo ring remains in place and the heart valve continues to operate properly. Because of the heart attack, plaintiff has decreased heart strength. Plaintiff claimed that the size and shape of the ring was a proximate cause of her heart attack, along with surgical error. She did not contend that the ring was defective, she claimed it was not properly cleared by the FDA and should have been disclosed as an "experimental" device. According to the plaintiff, had she been warned that the Edwards myxo ring was "experimental," she would not have agreed to its use. She also contended that, by allowing her cardiac surgeon to use the myxo ring, co-defendant hospital had engaged in an undisclosed experimental study. | Granting of Summary Judgment on behalf of Defendant |
| March 2019 | Michael Goodwin v. **David DeBoer** | Porter Superior Court | DeBoer was an Indiana attorney who served as one of three co-counsel for a doctor who pled guilty to Medicare fraud charges in a Texas federal district court. DeBoer was sued by plaintiff for failing to timely inform Goodwin when the primary handling attorney was himself criminally charged. According to plaintiff, this misconduct included stealing money from Goodwin. Goodwin also claimed that he would not have pled guilty had he known of the misdeeds of the attorney. | Summary Judgment on behalf of DeBoer. Indiana Court of Appeals affirmed the trial court's summary judgment ruling. |
| March 2008 | Riley Chilton, Indiv. and o/b/o Chance Chilton, deceased v. **Defendant Neurologist**, et al | Marion County Superior Court Indianapolis, Indiana | Whether the defendant breached the standard of care in failing to diagnose that plaintiff's decedent was the victim of child abuse. | Defense Verdict |

---

[1]/     The firm's clients are indicated in **bold**.

| Date | Caption[1] | Venue | Claim | Outcome |
|---|---|---|---|---|
| September 2006 | **Charles Peterson and Gladys Peterson** v. Nasir Farrakhan | United States District Court Northern District of Indiana Hammond, Indiana | Personal Injury | Plaintiff Verdict |
| March 2006 | Estate of Micaela Rodriguez, et al v. **Defendant Physician, Defendant Gastroenterologist, Defendant Family Physician, Defendant Nephrologist, et al** | Lake County Superior Court Crown Point, Indiana | Whether the defendants breached the standard of care in their treatment of plaintiff's decedent, Micaela Rodriguez. | Defense Verdict |
| September 2005 | Tracy Ryan v. **Defendant Attorney** | Lake County Superior Court Crown Point, Indiana | Whether defendant attorney was negligent in accepting settlement in underlying sexual harassment case. | Defense Verdict |
| December 2003 | Nigel B. Newlin v. **Defendant Gastroenterologist** | Marion County Superior Court Indianapolis, Indiana | Whether the defendant, breached the standard of care in his prescription of gentamycin, which caused ototoxicity. | Settled during trial for $50,000 |
| August 2003 | Estate of Dorma Foreman, et al v. **Defendant Ophthalmologist,** et al | Circuit Court for the Sixth Judicial Circuit, Champaign County, Urbana, Illinois | Whether the defendant, an ophthalmologist, utilized due care in diagnosing the plaintiff's decedent's bitemporal hemianopsia caused by a pituitary tumor. | Defense Verdict |
| May 2003 | James B. Shoemaker and Beth Shoemaker v. **Defendant Orthopedic Surgeon** | Marion County Superior Court Indianapolis, Indiana | Whether the defendant, an orthopedic surgeon, correctly diagnosed and treated the plaintiff's partially ruptured triceps tendon. | Defense Verdict |
| September 2002 | Elizabeth Stryczek v. **Defendant Hemagologist/ Oncologist and Defendant Radiation Oncologist** | Lake County Superior Court Crown Point, Indiana | Whether defendants were negligent in treating plaintiff's non Hodgkins-Lymphoma. | Defense Verdict |
| September 2002 | **Discovery House** v. Consolidated City of Indianapolis, et al | United States District Court Northern District of Indiana Hammond, Indiana | Zoning matter for a Methadone Clinic. | Plaintiff Verdict |
| June 2001 | Lucretia Little, John Davis and John L. Davis v. **Defendant OB/GYN** | Lake County Superior Court Crown Point, Indiana | Whether defendant obstetrician was negligent in rendering prenatal care. | Defense Verdict |
| October 1998 | Kathleen Johnston v. **Defendant Plastic Surgeon** | Lake County Superior Court Hammond, Indiana | Whether defendant plastic surgeon was negligent in view of plaintiff's failure to follow postoperative instructions to quit smoking. | Defense Verdict |
| October 1998 | Dorothy Ward, as guardian of Roger Roundtree v. **Defendant Family Physician** | Lake County Superior Court East Chicago, Indiana | Whether plaintiff's decedent, who suffered severe peripheral vascular disease, would have had a better outcome if the defendant doctor complied with the standard of care and skill. | Defense Verdict |

| DATE | CAPTION[1] | VENUE | CLAIM | OUTCOME |
|---|---|---|---|---|
| February 1998 | Robert Politano v. **Defendant Oral Surgeon** | Porter County Superior Court Valparaiso, Indiana | Whether the defendant oral surgeon failed to diagnose the plaintiff's jaw fracture. | Defense Verdict |
| October 1997 | Jacklyn Gonzales v. **Defendant Gastroenterologist** | Lake County Superior Court Hammond, Indiana | Whether failure to perform ultrasound during first admission for gallstone pancreatitis was a factor in second admission for pancreatitis. | Defense Verdict |
| October 1997 | Carl Bowden v. **Defendant Family Physician** | Porter County Superior Court Valparaiso, Indiana | Whether the defendant physician's failure to diagnose decedent's cancer caused or contributed to cause the death of plaintiff's decedent. | Defense Verdict |
| October 1997 | Gwyn Polick v. **Indiana Toll Road** | LaPorte County Superior Court LaPorte, Indiana | Whether plaintiff passenger was rendered quadriplegic as a result of alleged negligent road design. | Defense Verdict |
| September 1996 | Pollution Control Industries, Inc. v. **Howard Publications d/b/a The TIMES** | Lake County Superior Court East Chicago, Indiana | Whether newspaper articles defamed and libeled plaintiff. | Defense Verdict |
| March 1996 | Carl Davis and Erma Davis v. **Defendant Doctor** | Lake County Circuit Court Crown Point, Indiana | Whether defendant's failure to admit patient immediately for myocardial infarction was malpractice when patient refused admission. | Defense Verdict |
| Argued January 26, 1996, Decision May 30, 1996 | **Michael W. Back** v. Pamela Carter, et al | United States District Court Northern District of Indiana Hammond, Indiana | Whether race and gender quotas for attorney membership of judicial nominating committee are discriminatory under Equal Protection Clause. | Court granted injunction *See*, 933 F. Supp. 738 |
| August 1995 | Greta Crosslin, Administratrix of the Estate of James Crosslin v. **Defendant Dentist** | Lake County Superior Court Hammond, Indiana | Whether plaintiff could prevail on a wrongful death claim where defendant dentist's failure to diagnose squamous cell carcinoma of the tongue had no adverse effect on patient's life span. | Defense Verdict |
| June 1995 | Helen Mooney, Administratrix of the Estate of Jacob Mooney v. **Defendant General Practitioner**, et al | Porter County Superior Court Valparaiso, Indiana | Whether defendant general practitioner used reasonable care in treatment of patient with perforated stress ulcer. | Verdict for plaintiff against all defendants except General Practitioner, in whose favor the jury returned a verdict. |
| June 1995 | Mary Hill, widow of Robert Hill v. **Defendant Internists**, et al | United States District Court Northern District of Indiana Hammond, Indiana | Whether defendant internists used reasonable care during emergency intubation of patient in code blue following CVA and head injury from fall. | Defense Verdict. Affirmed on appeal, July 19, 1996. |
| May 1995 | Florian Wojcik v. **Defendant Anesthesiologist**, et al | Lake County Superior Court Hammond, Indiana | Whether defendant anesthesiologist used reasonable care during surgery for dissecting ascending aortic aneurysm | Defense Verdict |

| DATE | CAPTION¹∙/ | VENUE | CLAIM | OUTCOME |
|------|-----------|-------|-------|---------|
| February 1995 | AIAC v. **Frank Galvin** | United States District Court Northern District of Indiana Hammond, Indiana | Whether defendant was guilty of legal malpractice in defending plaintiff in underlying personal injury/wrongful death case. | Plaintiff's verdict $1.25 million; reversed and remanded on appeal, June 20, 1996, U.S. Seventh Circuit Court of Appeals, rehearing denied, August 2, 1996 |
| January 1995 | Blankenship v. **Trism** | United States District Court Northern District of Illinois | Nature and extent of plaintiff's injuries as a result of a truck/car accident: liability admitted. | Plaintiff Verdict $22,000 |
| August 1994 | Hull v. **Defendant Cardiologist** | Porter County Superior Court Valparaiso, Indiana | Whether defendant used due care in the diagnosis and treatment of plaintiff | Defense Verdict |
| July 1994 | Blasko v. **Sweeney** | Marshall County Superior Court | Whether defendant attorney was negligent in not calling plaintiff as witness in underlying case where plaintiff was too cross-examinable. | Dismissed on Motion for Summary Judgment for Defendant |
| May 1994 | **Northern Indiana Public Service Company** v. Commissioner of Internal Revenue Service | United States Tax Court Washington, D.C. | Whether petitioner owed withholding taxes for interest paid to foreign nationals by Netherlands Antilles finance subsidiary. | Decision for petitioner, Northern Indiana Public Service Company Affirmed on appeal, *See*, 115 F.3d 506 (7th Cir. 1997) |
|  | State of Indiana v. **William Heltzel and Mark Kiesling** | Lake County Superior Court East Chicago, Indiana | Whether the defendants, newspaper reporters, were in contempt of court. | Judgment for defendants, newspaper reporters. |
| October 1993 | **Eric Gibbs, Ph.D.** v. The Nature Conservancy | United States District Court Northern District of Indiana Hammond, Indiana | Whether undue influence occurred in executing real estate trust documents | Plaintiff obtained a jury verdict commanding return of parcel of land to plaintiffs - trustees. |
| February 1993 | Pandorf v. **Defendant Plastic Surgeon** | Lake County Superior Court East Chicago, Indiana | Whether defendant breached the standard of care in performing a rhinoplasty and face lift | Defense Verdict |
| October 1992 & October 1996 | Bonnes v. **Defendant General Practitioner and Defendant Internist** | Porter County Superior Court Valparaiso, Indiana | Whether defendant doctors met the standard of care in treating plaintiff. | Jury trial resulted in directed verdict for General Practitioner and defense verdict for Internist. General Practitioner's case reversed on appeal, retried and resulted in defense verdict. |
| October 1992 | Gallo v. **Roadway Trucking** | United States District Court Northern District of Indiana Hammond, Indiana | Whether defendant was negligent in motor vehicle accident. | Plaintiff Verdict $22,000. |

| DATE | CAPTION[1]/ | VENUE | CLAIM | OUTCOME |
|---|---|---|---|---|
| November 1992 | Weidenaar<br>v.<br>**Northern Indiana Public Service Company** | Porter County Superior Court<br><br>Valparaiso, Indiana | Electrical contact. | Verdict for plaintiff, $8 million. Reduced 40% for contributory fault.<br>Settled after verdict. |
| | Roy<br>v.<br>**G.G.M.** | Porter County Superior Court<br><br>Valparaiso, Indiana | Whether plaintiff was injured in alleged battery committed by employee of defendant security service. | Defense Verdict |
| July 1992 | Aubrey<br>v.<br>**Defendant Physician** | Porter County Superior Court<br>Valparaiso, Indiana | Whether defendant met the standard of care in his prenatal and delivery care of plaintiff's mother.  Whether any of plaintiff minor's medical problems resulted from defendant's care. | Settled after hung jury. |
| | Mathias<br>v.<br>**Defendant Family Physician** | Porter County Superior Court<br>Valparaiso, Indiana | Whether defendant met the standard of care in diagnosing and treating embolism of plaintiffs' right lower extremity. | Plaintiff Verdict $30,000. |
| August 1990 | **Alford**<br>v.<br>Lefty's Coho Landing, et al. | United States District Court Northern District of Indiana Hammond, Indiana | Whether defendant was negligent in design and operation of marina parking lot where plaintiff sustained injury. | Verdict for Plaintiff, $95,000 |
| November 1989 | Cheryl Burns<br>v.<br>**Defendant Plastic Surgeon** | Porter County Superior Court<br>Valparaiso, Indiana | Whether defendant informed plaintiff of the risks of surgery and met the standard of care in performance of Z-plasty. | Defense Verdict |
| September 1988 | Bennie Bailey<br>v.<br>**Northern Indiana Public Service Company** | United States District Court Northern District of Indiana Hammond, Indiana | Whether plaintiff's termination was racially motivated. | Plaintiff Verdict $22,000.<br>Reversed on appeal |
| April 1988 | Sanders<br>v.<br>**Northern Indiana Public Service Company** | United States District Court Northern District of Indiana Hammond, Indiana | Whether plaintiff's disqualification from apprentice lineman's program was racially motivated. | Defense Verdict |
| February 1988 | Kelly Glowacki<br>v.<br>**Defendant Physician** | Newton County Circuit Court Kentland, Indiana | Whether defendant met the standard of care in treating plaintiff's decedent who died as a result of long-term ingestion of unprescribed anabolic steroids. | Defense Verdict |
| October 1987 | **John Mohr & Sons**<br>v.<br>Inland Steel Company, et al. | Lake County Superior Court Hammond, Indiana | Whether defendant breached its contract for the design and manufacture of blast furnace stove valves. | Plaintiff Verdict $685,000 |
| October 1986 | Paul Fardy<br>v.<br>**Physician Health Rehabilitation Services** | Starke County Circuit Court Knox, Indiana | Breach of Contract | Defense Verdict |

| Date | Caption[1/] | Venue | Claim | Outcome |
|------|-------------|-------|-------|---------|
| October 1986 | Monon Trailer v. **Alumax** | Benton County Circuit Court Fowler, Indiana | Whether defendant was guilty of breach of warranty; breach of contract and tortious misconduct. | Settled prior to Trial. |
| | Maddox v. **Defendant Physcian** | Porter County Superior Court Valparaiso, Indiana | Whether due care was used to prevent a diabetic's loss of a lower extremity. | Defense Verdict |
| August 1986 | Irv Lynn v. **Defendant Family Physicians** | LaPorte County Circuit Court LaPorte, Indiana | Whether defendants negligently failed to diagnose plaintiff's decedent's perforated duodenal ulcer. | Defense Verdict |
| June 1985 | **Northern Indiana Public Service Company** v. Wheelabrator Frye | United States District Court Northern District of Indiana Hammond, Indiana | Whether the defendant breached its warranty to repair and replace defective parts and equipment in an electrostatic precipitator. | Settled prior to Trial. |
| April 1985 | **Northern Indiana Public Service Company** v. Envirotech Corporation | United States District Court Northern District of Indiana Hammond, Indiana | Whether defendant breached its warranties in the sale of an electrostatic precipitator. | Settled prior to Trial. |
| April 1985 | Bethlehem Steel v. **Northern Indiana Public Service Company** | United States District Court Northern District of Indiana Hammond, Indiana | Whether the defendant caused an electrical outage at plaintiff's steel mill. | Settled at Trial. |
| | Banks v. **Northern Indiana Public Service Company** | Porter County Superior Court Valparaiso, Indiana | Whether defendant was liable for plant site explosion of flammable liquids. | Defense Verdict |
| March 1984 | Howard Williams v. **Defendant Physician** | Porter County Superior Court Valparaiso, Indiana | Whether defendant's negligence caused plaintiff's decedent's death during laparoscopic tubal ligation | Plaintiff Verdict $275,000 |
| January 1984 | Steele v. **Chicago, Milwaukee & St. Paul R.R.** | Benton County Circuit Court Fowler, Indiana | Whether defendant was liable for injuries sustained in car-train collision. | Defense Verdict |
| October 1983 | Wabash Valley Power Association v. **Northern Indiana Public Service Company** | United States District Court Northern District of Indiana South Bend, Indiana | Whether defendant violated the antitrust laws. | Settled prior to Trial. |

| Date | Caption[1] | Venue | Claim | Outcome |
|---|---|---|---|---|
| June 1983 | Schuyler<br>v.<br>**Defendant Physician** | Benton County Circuit Court Fowler, Indiana | Whether defendants' negligence caused plaintiff to sustain injuries during laparoscopic tubal ligation. | Defense Verdict |
| December 1980 | Searcy<br>v.<br>**Defendant Physicians** | Porter County Superior Court Valparaiso, Indiana | Whether defendants used reasonable care in the diagnosis and treatment of a hiatal hernia. | Defense Verdict |
| February 1980 | Echterling<br>v.<br>**Woodcox** | Newton County Circuit Court Kentland, Indiana | Whether defendant violated the Indiana Guest Statute in the operation of her automobile. | Defense Verdict |
| November 1979 | Labahn<br>v.<br>**Defendant Physicians** | Porter County Superior Court Valparaiso, Indiana | Whether the defendants failed to use reasonable care and skill in diagnosing and treating ventriculitis which arose following the insertion of a ventricular - peritoneal shunt to treat hydrocephalus. | Defense Verdict |
| September 1979 | Hamilton<br>v.<br>**Defendant Physician**, et al. | Benton County Circuit Court Fowler, Indiana | Whether the defendant failed to use reasonable care and skill in evaluating and treating a soft tissue crush injury of the lower extremity. | Defense Verdict |
| September 1978 | Fahler<br>v.<br>**Northern Indiana Public Service Company** | St. Joseph County Superior Court South Bend, Indiana | Whether defendant was negligent in inspecting and maintaining a gas line which exploded and burned plaintiff. | Defense Verdict |
| September 1978 | Jennings<br>v.<br>**Defendant Physician**, et al | Benton County Circuit Court Fowler, Indiana | Whether the defendant was negligent in failing to diagnose an acute myocardial infarction. | Defense Verdict |
| November 1977 | Walters<br>v.<br>**Defendant Physician**, et al. | Porter County Superior Court Valparaiso, Indiana | Whether the defendant failed to use reasonable care and skill when he did not diagnose decedent's diabetes and pancreatitis. | Defense Verdict |
| September 1977 | Smith<br>v.<br>**Defendant OB/GYN** | Porter County Superior Court Valparaiso, Indiana | Whether the defendant obstetrician negligently rendered prenatal care to plaintiff's mother causing profound mental retardation. | Plaintiff Verdict<br>$ 50,000 |
| July 1977 | Guzzino<br>v.<br>**Defendant Physicians**, et al. | Porter County Superior Court Valparaiso, Indiana | Whether the defendants used reasonable care to detect fractures in a multiply injured patient. | Defense Verdict |
| January 1977 | Rooney<br>v.<br>**Defendant Physician**, et al. | Porter County Superior Court Valparaiso, Indiana | Whether the defendants used reasonable care and skill in assessing the vascular status of a leg following a comminuted fracture of the fibula and tibia. | Defense Verdict |
| September 1976 | Olson<br>v.<br>**Pozwarski** | United States District Court Northern District of Indiana Hammond, Indiana | Whether defendant was at fault in the operation of his automobile in an intersection collision. | Defense Verdict |

| DATE | CAPTION[1] | VENUE | CLAIM | OUTCOME |
|---|---|---|---|---|
| November 1975 | Matthews v. **Defendant Physician**, et al | Starke County Circuit Court Knox, Indiana | Whether the defendants used reasonable care in treating a fracture of the medial third of the clavicle and subluxation of the sternoclavicular joint. | Defense Verdict |
| May 1975 | Green v. **Defendant Physician** | Porter County Superior Court Valparaiso, Indiana | Whether the defendant used reasonable care and skill in diagnosing and treating the plaintiff's Class II malocclusion. | Plaintiff Verdict $7,500.00 |
| February 1974 | Bennett v. **Defendant Plastic Surgeon** | Jasper County Circuit Court Rensselaer, Indiana | Whether the defendant failed to use reasonable care and skill in performing a rhinoplasty. | Plaintiff Verdict $7,500 |
| September 1973 | Coleman v. **Defendant Physician** | Benton County Circuit Court Fowler, Indiana | Whether the defendant used reasonable care to diagnose and treat osteomyelitis subsequent to an infrapatellar tendon transfer operation. | Plaintiff Verdict $30,000.00 |
| January 1973 | Colby v. **Defendant Dentist** | Jasper County Circuit Court Rensselaer, Indiana | Whether the defendant failed to use reasonable care and skill in extracting an impacted wisdom tooth. | Defense Verdict |

FIRM     ATTORNEYS     PRACTICE AREAS     VERDICTS & APPEALS

NEWS     CONTACT      ATTORNEYS AT LAW

Northwest Indiana  219-931-0560
Indianapolis  317-228-9670
South Bend / Mishawaka  574-318-4063
Lafayette  219-931-0560

# Verdicts & Appeals

**Attorneys**

David C. Jensen ⌄      Apply      Reset

## Obermeier v. Edwards LifeSciences | June, 2019

**David C. Jensen** | **Kirk D. Bagrowski** | **Robert J. Feldt**

**Claim:** Edwards is a medical device manufacturer and a long-time client of the law firm. It manufactures an annuloplasty ring to treat myxomatous heart disease and mitral valve regurgitation. This "myxo" ring was actually conceived and designed by one of the co-defendants, the plaintiff's cardiac surgeon. During surgery to repair the plaintiff's myxomatous disease and mitral valve regurgitation, the co-defendant selected the "myxo" ring in question among various other myxo ring options. But the plaintiff suffered a heart attack during the surgery, possibly due to the placement of a surgical stitch on one of the valve leaflets, a known complication of the surgical repair. The plaintiff's surgical repair was a success; the myxo ring remains in place and the plaintiff's heart valve continues to operate properly. But because of the heart attack, the plaintiff has decreased heart strength. The plaintiff claimed that the size and shape of the ring was a proximate cause of her heart attack, along with surgical error. While she did not contend that the ring was itself defective, she claimed that it was not properly cleared by the FDA and should have been disclosed to her as an "experimental" device. According to the plaintiff, had she been warned that the Edwards myxo ring was "experimental," she would not have agreed to its use. She also contended that, by allowing her cardiac surgeon to use the myxo ring, another co-defendant hospital had engaged in an undisclosed experimental study.

**Outcome:** Edwards obtained summary judgment on the basis that proper FDA clearance was to be decided solely by the FDA, which had never found the myxo ring to be non-compliant with its procedural requirements. Edwards also obtained summary judgment on the basis that it had no obligation to warn either the plaintiff or her "learned intermediary" cardiac surgeon of the regulatory status of the myxo ring. The co-defendants also obtained a jury verdict in their favor as to the plaintiff's medical negligence and failure to warn theories. The Illinois Appellate Court affirmed the entry of summary judgment for Edwards after oral argument by Mr. Jensen, finding that FDA compliance is within the FDA's exclusive jurisdiction, and that Edwards had no duty to the plaintiff to warn her or her

"learned intermediary" cardiac physician of the regulatory status of the myxo ring. The court also found no trial error with regard to the jury verdict in favor of the co-defendants. As a result, the court then also agreed with Edwards that the jury's verdict in favor of the co-defendants was "estoppel by verdict" as to all of the plaintiff's theories against Edwards, including her allegations of a failure to warn and proximate causation due to the shape and size of the myxo ring. The plaintiff then chose not to seek review of these outcomes with the Illinois Supreme Court.

## Anonymous Physician, et al v. Farber; Anonymous Physician, et al v. Korda | May, 2019

**David C. Jensen | Robert J. Feldt**

**Claim:** Each case involved a deceased patient of a cardiologist and his cardiology group whose estate claimed alleged medical malpractice. Summary judgment on the statute of limitations was sought by the medical providers represented by Eichhorn & Eichhorn, LLP. The estate claimants argued tolling of the statute of limitations.

**Outcome:** The Honorable John Pera of the Lake Superior Court granted full summary judgment in each case on February 18, 2019. Each estate claimant then filed an appeal with the Court of Appeals. But after consolidation of the appeals and the filing of the court record and transcripts, the estate claimants agreed to dismiss their respective appeals with prejudice rather than file their consolidated Appellants' Brief. The Court of Appeals dismissed both appeals with prejudice on May 20, 2019.

## Michael Goodwin v. David DeBoer | March, 2019

**David C. Jensen | Robert J. Feldt**

**Claim:** Eichhorn & Eichhorn, LLP's client was an Indiana attorney who served as one of three co-counsel for a doctor who pled guilty to Medicare fraud charges in a Texas federal district court. The attorney was sued by the plaintiff for failing to timely inform him when the primary handling attorney was himself criminally charged. According to the plaintiff, this misconduct by the primary handling attorney included stealing money from the plaintiff. The plaintiff also claimed that he would not have pled guilty had he known of the misdeeds of the primary handling attorney. The trial court in the legal malpractice case granted summary judgment to Eichhorn & Eichhorn's client on the basis that the plaintiff was collaterally estopped from pursuing his claim by: 1) the plaintiff's own guilty plea; and 2) the judgment findings made by the Texas federal district court that: a) the plaintiff was adequately represented in determining to plead guilty; and b) it would have been unreasonable for him to refuse the plea offer and go to trial. The Indiana Court of Appeals affirmed the trial court's entry of summary judgment for Eichhorn & Eichhorn's client. The Court of Appeals first noted that the plaintiff had not demonstrated that any of the claimed misconduct on the part of the primary handling attorney either occurred or induced him to plead guilty in some fashion. The Court of Appeals also rejected the plaintiff's claim that he should be allowed to avoid collateral estoppel under these circumstances. Finally, the Court of Appeals found that, while the 5th Circuit Court of Appeals had allowed the plaintiff to pursue a limited appeal of the findings of the Texas District Court, that limited appeal was not material to the aforementioned findings as to which the plaintiff was collaterally estopped.

**Outcome:** The Indiana Court of Appeals affirmed the entry of summary judgment for Eichhorn & Eichhorn's client in a published opinion. The Indiana Supreme Court denied transfer on March 14, 2019.

## Anonymous Physician, et al v. Kendra | March, 2019

**David C. Jensen**  |  **Robert J. Feldt**

**Claim:** A deceased patient of cardiologist/cardiology group claimed alleged malpractice. Summary judgment on the statute of limitations was sought by the defendants. The claimant argued tolling of the statute of limitations.

**Outcome:** The Court of Appeals reversed the trial court's denial of summary judgment and granted the cardiologist's and group's Motion for Summary Judgment. The Indiana Supreme Court denied transfer on March 8, 2019.

## Anonymous Physician, et al v. Biedron, Sitko/Sullivan and Orr/Poteet | January, 2019

**David C. Jensen**  |  **Robert J. Feldt**

**Claim:** Three different deceased patients of cardiologist / cardiology group claimed alleged malpractice. Summary judgment on the statute of limitations was sought by the defendants in each claim. The claimants argued tolling of the statute of limitations.

**Outcome:** Mr. Jensen appeared before the Court of Appeals and after oral argument it affirmed the trial court's entry of summary judgment and evidentiary rulings in Biedron. In Sullivan and Poteet, the Court of Appeals reversed all of the trial courts' rulings and granted the cardiologists' and group's Motions For Summary Judgment and Motions To Strike. The Indiana Supreme Court denied transfer in all three cases.

## Roumbos v. Vazanellis | April, 2018

**David C. Jensen**  |  **Robert J. Feldt**

**Claim:** An Indiana Law Firm was sued by a former client who claimed that the firm had agreed to pursue a second premises liability claim on her behalf, which they denied. This second claim was not filed within the statute of limitations and the former client claimed attorney malpractice. The court granted the defendants' summary judgment, the plaintiff appealed.

**Outcome:** Mr. Jensen argued on transfer to Indiana Supreme Court. The Indiana Supreme Court reversed the Court of Appeals decision.

## Kammer v. Cardiologist Physician, et al | March, 2018

David C. Jensen  |  James L. Hough  |  Kevin T. McNamara

**Claim:** Plaintiff sought damages for the alleged unnecessary implantation of a cardiac biventricular pacemaker and defibrillator

**Outcome:** Defense verdict in favor of all defendants.

## Robertson v. Anonymous Clinic, et al. | November, 2016

David C. Jensen  |  Louis W. Voelker, III  |  David J. Beach

**Claim:** Appeal from the grant of defense motion to dismiss, confirming applicability of the Indiana Medical Malpractice Act to the plaintiffs' claims relating use of preservative-free methylprednisolone acetate from New England Compounding Company.

**Outcome:** Motion to dismiss affirmed on appeal.

## Jordan v. Defendant Pulmonologist | October, 2011

David C. Jensen

**Claim:** Plaintiffs alleged that defendant failed to diagnose and treat pulmonary emboli.

**Outcome:** Defense verdict, affirmed on appeal by the Indiana Court of Appeals.

## Jeffreys v. New York Law firm | August, 2010

Carly A. Brandenburg  |  David C. Jensen

**Claim:** The Jeffreys sought to hold their New York lawyers liable in a suit filed in Indiana when their adoption of an Indiana child went awry.

**Outcome:** Dismissal of the New York Law firm for lack of in personam jurisdiction, which was affirmed on appeal.

## Medical Assurance Co., Inc. v. Hellman | June, 2010

David C. Jensen  |  Robert J. Feldt

**Claim:** Client medical malpractice insurance carrier filed suit seeking declaratory judgment action that insured violated the policy's cooperation clause and therefore it no longer had a duty to defend or indemnify him. The United States District Court for the Northern District of Indiana, Allen Sharp, J., stayed the federal proceedings pending the resolution of pending and anticipated state court medical malpractice proceedings. Carrier appealed.

**Outcome:** Client medical malpractice carrier prevailed and the stay was vacated and the was case remanded so that client medical malpractice carrier could proceed with its declaratory judgment action. Medical Assurance Co., Inc. v. Hellman, 610 F.3d 371 (2010)

## Steven Coppolillo v. Daniel Zunica | June, 2010

**David C. Jensen**

**Claim:** Plaintiff, Coppolillo, sued Zunica for breach of fiduciary duty in Zunica's capacity as a member of a closely held corporation.

**Outcome:** Mr. Jensen tried the case and received a verdict for the firm's client Coppolillo

## Ladere v. Pathologist, et al. | May, 2010

**Carly A. Brandenburg** | **David C. Jensen**

**Claim:** Plaintiff claimed a number of physicians failed to properly treat his wife, who unfortunately succumbed to cancer.

**Outcome:** Directed verdict for the defendant pathologist.

## Riley Chilton, Indiv. and o/b/o Chance Chilton, deceased v. Defendant Neurosurgeon, et al | March, 2008

**David C. Jensen**

**Claim:** Whether the defendant breached the standard of care in failing to diagnose that plaintiff's decedent was the victim of child abuse.

**Outcome:** Mr. Jensen tried this case in the Marion County Circuit Court. The jury found in favor of his client, the neurosurgeon.

## Charles Peterson and Gladys Peterson v. Nasir Farrakhan September, 2006

**David C. Jensen** | **Kirk D. Bagrowski**

**Claim:** Automotive Personal Injury

**Outcome:** Mr. Jensen was counsel for the plaintiffs. The United States District Court jury returned a $1,000,000 verdict for the plaintiffs.

## Larry Mayes v. City of Hammond, et al. | August, 2006

**David C. Jensen**  |  **Robert J. Feldt**

**Claim:** Civil rights violation.

**Outcome:** Mr. Jensen was counsel for the City of Hammond. The verdict for the plaintiff was settled on appeal after argument before the 7th Circuit Court of Appeals.

## Estate of Micaela Rodriguez, et al v. Defendant Physician, Defendant Gastroenterologist, Defendant Family Physician, Defendant Nephrologist, et al | March, 2006

**David C. Jensen**

**Claim:** Whether the defendants breached the standard of care in their treatment of plaintiff's decedent, Micaela Rodriguez.

**Outcome:** Mr. Jensen tried the case. There was a Defense Verdict

## Tracy Ryan v. Defendant Attorney | September, 2005

**David C. Jensen**

**Claim:** Whether defendant attorney was negligent in accepting settlement in underlying sexual harassment case.

**Outcome:** Mr. Jensen tried the case for the defendant lawyer. There was a defense verdict.

## Nigel B. Newlin v. Defendant Gastroenterologist | December, 2003

**David C. Jensen**  |  **David J. Beach**

**Claim:** Whether the defendant, breached the standard of care in his prescription of gentamycin, which caused ototoxicity.

**Outcome:** Case tried in Marion Superior Court. Mr. Jensen tried the case for the defendant physicians, IU Medical Center physician. Settled during trial for $50,000.

## Estate of Dorma Foreman, et al v. Defendant Ophthalmologist, et al August, 2003

**David C. Jensen** | **John P. Twohy**

**Claim:** Whether the defendant, an ophthalmologist, utilized due care in diagnosing the plaintiff's decedent's bitemporal hemianopsia caused by a pituitary tumor.

**Outcome:** Mr. Jensen tried the case in Champaign - Urbana, Illinois. There was a defense verdict.

## James B. Shoemaker and Beth Shoemaker v. Defendant Orthopedic Surgeon | May, 2003

**David C. Jensen**

**Claim:** Whether the defendant, an orthopedic surgeon, correctly diagnosed and treated the plaintiff's partially ruptured triceps tendon.

**Outcome:** Mr. Jensen tried this case in Marion County Superior Court. There was a defense verdict.

## Elizabeth Stryczek v. Defendant Hemagologist/ Oncologist and Defendant Radiation Oncologist | September, 2002

**David C. Jensen** | **John P. Twohy**

**Claim:** Whether defendants were negligent in treating plaintiff's non Hodgkins-Lymphoma.

**Outcome:** Defense verdict.

## Discovery House v. Consolidated City of Indianapolis, et al September, 2002

**David C. Jensen**

**Claim:** Zoning matter for a Methadone Clinic.

**Outcome:** Mr. Jensen tried this case for the plaintiff in the United States District Court. Verdict for plaintiff.

# Lucretia Little, John Davis and John L. Davis v. Defendant OB/GYN June, 2001

**David C. Jensen**

**Claim:** Whether defendant obstetrician was negligent in rendering prenatal care.

**Outcome:** Defense verdict

# Perrin v. General Surgeon | April, 1999

**David C. Jensen**  |  **Gregory A. Crisman**

**Claim:** Whether defendant adequately informed plaintiff of risks of umbilical hernia surgery and properly managed her postoperative care; subsequent development of sepsis necessitating three month hospitalization and amputation of toes bilaterally.

**Outcome:** Defense verdict.



ATTORNEYS AT LAW

Northwest Indiana  219-931-0560

Indianapolis  317-228-9670

Lafayette  219-931-0560

| FIRM | ATTORNEYS | PRACTICE AREAS | VERDICTS & APPEALS |
| NEWS | CONTACT | | |

# Verdicts & Appeals

**Attorneys**

David C. Jensen    Apply    Reset

## Kathleen Johnston v. Defendant Plastic Surgeon | October, 1998

**David C. Jensen | Gregory A. Crisman**

**Claim:** Whether defendant plastic surgeon was negligent in view of plaintiff's failure to follow postoperative instructions to quit smoking.

**Outcome:** Defense verdict.

## Dorothy Ward, as guardian of Roger Roundtree v. Defendant - Primary Care | October, 1998

**David C. Jensen | David J. Beach**

**Claim:** Whether amputation of lower extremity could have been prevented by timely treatment of peripheral vascular disease.

**Outcome:** Defense verdict.

## Robert Politano v. Defendant Oral Surgeon | February, 1998

**David C. Jensen | Louis W. Voelker, III**

**Claim:** Whether the defendant oral surgeon failed to diagnose the plaintiff's jaw fracture.

**Outcome:** Defense verdict.

## Jacklyn Gonzales v. Defendant Gastroenterologist | November, 1997

**Alyssa Stamatakos** | **David C. Jensen**

**Claim:** Whether failure to perform ultrasound during first admission for gallstone pancreatitis was a factor in second admission for gallstone.

**Outcome:** Defense verdict.

## Carl Bowden v. Defendant Family Physician | October, 1997

**Alyssa Stamatakos** | **David C. Jensen**

**Claim:** Whether the defendant physician's failure to diagnose decedent's cancer caused or contributed to cause the death of plaintiff's decedent.

**Outcome:** Defense verdict.

## Gwyn Polick v. Indiana Toll Road | October, 1997

**David C. Jensen** | **Louis W. Voelker, III**

**Claim:** Whether plaintiff passenger was rendered quadriplegic as a result of alleged negligent road design.

**Outcome:** Defense verdict.

## Pollution Control Industries, Inc. v. Howard Publications d/b/a The TIMES | September, 1996

**David C. Jensen**

**Claim:** Whether newspaper articles defamed and libeled plaintiff.

**Outcome:** Defense verdict.

## Carl Davis and Erma Davis v. Defendant Doctor | March, 1996

**Alyssa Stamatakos** | **David C. Jensen**

**Claim:** Whether defendant's failure to admit patient immediately for myocardial infarction was malpractice when patient refused admission.

**Outcome:** Defense verdict.

## Michael W. Back v. Pamela Carter, et al | January, 1996

**David C. Jensen**

**Claim:** Whether race and gender quotas for attorney membership of judicial nominating committee are discriminatory under Equal Protection Clause.

**Outcome:** Court granted injunction. See, 933 F. Supp. 738

## Greta Crosslin, Administratrix of the Estate of James Crosslin v. Defendant Dentist | August, 1995

**Alyssa Stamatakos | David C. Jensen**

**Claim:** Whether plaintiff could prevail on a wrongful death claim where defendant dentist's failure to diagnose squamous cell carcinoma of the tongue had no adverse effect on patient's life span.

**Outcome:** Defense verdict.

## Helen Mooney, Administratrix of the Estate of Jacob Mooney v. Defendant General Practitioner, et al | June, 1995

**David C. Jensen**

**Claim:** Whether defendant general practitioner used reasonable care in treatment of patient with perforated stress ulcer.

**Outcome:** Verdict for plaintiff against all defendants except General Practitioner, in whose favor the jury returned a verdict.

## Mary Hill, widow of Robert Hill v. Defendant Internists, et al June, 1995

**Alyssa Stamatakos | David C. Jensen**

**Claim:** Whether defendant internists used reasonable care during emergency intubation of patient in code blue following CVA and head injury from fall.

**Outcome:** Verdict for defendants. Affirmed on appeal, July 19, 1996.

## Florian Wojcik v. Defendant Anesthesiologist, et al | May, 1995

**David C. Jensen**

**Claim:** Whether defendant anesthesiologist used reasonable care during surgery for dissecting ascending aortic aneurysm

**Outcome:** Defense verdict.

## AIAC v. Frank Galvin | February, 1995

**David C. Jensen**

**Claim:** Whether defendant was guilty of legal malpractice in defending plaintiff in underlying personal injury/wrongful death case.

**Outcome:** Plaintiff's verdict $1.25 million on February 14, 1995; reversed and remanded on appeal, June 20, 1996, rehearing denied, August 2, 1996

## Blankenship v. Trism | January, 1995

**David C. Jensen**

**Claim:** Nature and extent of plaintiff's injuries as a result of a motor vehicle accident: liability admitted.

**Outcome:** Verdict for Plaintiff: $22,000