UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES HILL, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HAMMOND, INDIANA and MICHAEL SOLAN, <br><br> Defendants. | CAUSE NO.: 2:10-CV-393-TLS |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Petition for Attorneys' Fees and Costs [ECF No. 373], filed on February 6, 2023. The Defendants filed a joint response [ECF No. 374] on February 20, 2023. The Plaintiff filed a reply [ECF No. 381] on February 27, 2023. For the reasons stated below, the Court grants the motion with modifications.

The Plaintiff's claims against the Defendants for violations of his federal civil rights proceeded to jury trial, and the jury returned a verdict in favor of the Plaintiff, awarding him $25 million in compensatory damages and $500,000 in punitive damages. *See* ECF No. 347. The Plaintiff now requests $541,430.00 in attorney's fees pursuant to 42 U.S.C. § 1988 and $43,442.86 in costs.

42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce . . . [42 U.S.C. §1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." "A plaintiff may be awarded attorney's fees as a prevailing party if he succeeds on 'any significant issue in litigation which achieves some of the benefit he sought in bringing suit.'" *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 227 (7th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Attorney's fees are

awarded to prevailing plaintiffs "almost as a matter of course." *Id.*; *accord Khan v. Gallitano*, 180 F.3d 829, 837 (7th Cir. 1999); *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1997).

The Defendants do not argue that an award of fees is inappropriate. Therefore, the Court will award fees. The Defendants argue, however, that the amount of fees awarded should be reduced from the amount that the Plaintiff requests. The Court will address the Defendants' arguments in turn.

## DISCUSSION

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Under *Hensley*, the fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Vega v. Chi. Park Dist.*, 12 F.4th 696, 702 (7th Cir. 2021) (quoting *Hensley*, 461 U.S. at 437). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

In support of his request for attorney's fees and costs, the Plaintiff provides the following hours, rates, and expenses:

- Attorney Scott King worked 134.10 hours at a rate of $350 per hour, supported by billing statements on ECF No. 373 pp. 4–6;

- Attorney Russel Brown worked 245.90 hours at a rate of $350 per hour, supported by billing statements on ECF No. 373 pp. 12–25;

- Attorney Lakeisha Murdaugh worked 309.80 hours at a rate of $350 per hour, supported by billing statements on ECF No. 373 pp. 26–33;

- Attorney Mitchell Peters worked 1,500 hours at a rate of $200, stated in an affidavit on ECF No. 373 p. 8;
- The Law Offices of King & Murdaugh advanced $8,593.59 in costs, supported by expense statements on ECF No. 373 p. 34; and
- Attorneys Peters, Robert Harper, and Kevin Vanderground advanced $34,849.27 in costs, supported by expense statements on ECF No. 373 pp. 8, 10–11.

In total, the Plaintiff requests $541,430.00 in attorney's fees and $43,442.86 in costs. *Id.* pp. 1–2.

The Defendants respond that Attorney King's rate should be reduced from $350 to $300, and the rates for Attorneys Brown and Murdaugh should be reduced from $350 to $200. The Defendants argue that the Plaintiff has not offered evidence of market rates for similar matters, that Attorney David Jensen, an experienced attorney, has billed $225 per hour on this matter, and that Attorneys Brown and Murdaugh have each practiced law for ten to twelve years, which is less time than Attorney Peters, who billed $200 per hour on this matter. The Defendants also argue that the claim for attorney's fees and costs related to Attorney Peters should be summarily rejected because the request for fees is not supported by billing records and the expense ledger is not supported by bills or payment documents. The Defendants also argue that the Plaintiff's expense requests should be reduced because there are no actual bills, invoices, or payment documents supporting them and because the Plaintiff requests expert fees for experts who were barred from testifying and who the Plaintiff did not use. The Defendants propose to forego discovery on the matter of attorney's fees if the Plaintiff or the Court accepts the Defendants' proposed reductions in the Plaintiff's request for fees and costs.

In his reply, the Plaintiff does not accept the Defendants' proposed reductions. Instead, the Plaintiff argues that the Court should grant his request because of the successful result

3

achieved for the Plaintiff, and he argues that $350 per hour is a reasonable rate. The Plaintiff does not respond to the Defendants' argument that the request for fees related to Attorney Peters is not supported by billing statements. Regarding the challenge to the Plaintiff's expense requests, the Plaintiff responds that the experts were hired in good faith to identify where the Defendants' standards and practices were violated and to explain why such departures were important to this case and that the expert witness expenses were not part of an ultimately losing effort with minimal value to the Plaintiff.

A.     **Counsels' Billing Rate**

The rate of $350 for Attorneys King, Brown, and Murdaugh is reasonable. "A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014) (citation omitted). To determine the local market rate, a "district court may rely on evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases." *Id.* (citation omitted). In *Miller v. City of Richmond*, another civil rights case brought under 42 U.S.C. § 1983, the defendants argued that one lawyer's rate should be lowered from $450 to $300 per hour given the lawyer's twelve years of experience, and the other lawyer's rate should be lowered from $300 to $150 given the lawyer's two and a half years of experience. No. 1:17-CV-901, 2018 WL 4385026, at *3 (S.D. Ind. Sept. 14, 2018). The court concluded that the plaintiff's lawyers sufficiently established that their rates were in line with market rates after it received an affidavit from an Indiana attorney with thirty years of experience as a civil rights attorney, which stated that the local rate for civil rights litigation ranged from $200 to $600 per hour. *Id.*; *see also Loveless v. McCorkle*, No. 1:17-CV-2206, 2020 WL 415734, at *6–7 (S.D. Ind. Jan. 27, 2020) (granting, after a jury awarded $1 in compensatory damages and $1 in punitive damages for a claim brought under 42 U.S.C. § 1983, an attorney's fee of $15,381.34, based on an hourly rate of $325 per hour).

Further, in *Perry v. City of Gary*, No. 2:08-CV-280, 2011 WL 3444007 (N.D. Ind. Aug. 8, 2011), *vacated to allow for settlement*, 2011 WL 6179107 (N.D. Ind. Nov. 7, 2011). this Court awarded a plaintiff's lawyers attorney's fees at a rate similar to the rate the Plaintiff is now requesting. In *Perry*, the plaintiff brought an action against the City of Gary and City of Gary police officers for excessive force under 42 U.S.C. § 1983. *Id.* at *1. The jury returned a verdict in the plaintiff's favor, awarding him $750,000 in compensatory damages and $100,000 in punitive damages. *Id.* The Court went on to "decide the prevailing hourly market rate for a civil [rights] attorney practicing in Northwest Indiana, the relevant community." *Id.* at *3; *see People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1312 (7th Cir. 1996) ("[R]ates awarded in similar cases are clearly evidence of an attorney's market rate."). The Court awarded the lead attorney fees calculated at a billing rate of $250 per hour. *Perry*, 2011 WL 3444007 at *3. Adjusted for inflation, that award would equal roughly $334 today. *See* U.S. Bureau of Labor Statistics, CPI Inflation Calculator, https://www.bls.gov/data/inflation_calculator.htm (last visited May 23, 2023). Additionally, in *Wirtz v. City of South Bend*, No. 3:11-CV-325, 2012 WL 589454, at *2 (N.D. Ind. Feb. 17, 2012), the court concluded that $400 per hour was a reasonable rate for an attorney whose client succeeded on his action brought under 42 U.S.C. § 1983 in 2012. Based on the rates for similar civil rights work in Indiana, including in Northwest Indiana, demonstrated by *Miller*, *Loveless*, *Perry*, and *Wirtz*, the Court concludes that the Plaintiff's requested rate of $350 per hour for Attorneys King, Brown, and Murdaugh are in line with the market rates and are therefore reasonable. The Defendants have not provided caselaw demonstrating otherwise.

B.    **Fees Related to Attorney Peters**

While the Plaintiff supports his fee requests for Attorneys King, Brown, and Murdaugh with billing statements that record their work by fractions of an hour, the Plaintiff supports his

5

fee request for Attorney Peters with only an affidavit signed by Attorney Peters. *See* ECF No. 373 at 8. In the affidavit, Attorney Peters writes,

> Although my entire file was turned over some years ago, in looking back over my computer files and my recollection of living with that case for a number of years, taking the depositions, the PCR trial, all of the ancillary motions and hearings, the appeal, etc[.], I easily had expended 1500 hours into the case over the span of years I represented [the Plaintiff]. This would be only in relation to the post-conviction relief matters; however, all of the four cases were always interrelated by the State and defense factually. At the conservative rate of $200.00 per hour, my reasonable attorney fee in this matter would be $300,000.00.

*Id.*

The Court agrees with the Defendants that the Plaintiff's request for fees related to Attorney Peters is not sufficiently supported by documentation. "A district court may deny a fee request where the claim for fees is not supported by accurate and detailed records." *FMC Corp. v. Varonos*, 892 F.2d 1308, 1316 (7th Cir. 1990) (citation omitted); *see also Tabcor Sales Clearing, Inc. v. United States*, 723 F.2d 26, 29–30 (7th Cir. 1983) (affirming limitations on a fee award where the attorney submitted an affidavit stating the number of hours he worked on the case, but which "lack[ed] such important specifics as the dates and nature of the work performed"); *Vocca v. Playboy Hotel of Chi., Inc.*, 686 F.2d 605, 608 (7th Cir. 1982) ("[C]ounsel seeking statutory attorney's fees has a duty to maintain accurate and detailed time records. It is not enough to offer a rough estimate of the time expended . . . . Such claims are impossible to refute."). The Court therefore adopts the Defendants' proposal to reduce Attorney Peters' hours from 1,500 to 750, which reduces the total amount requested for Attorney Peters from $300,000 to $150,000.

**C.     Expenses**

"District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). In reviewing the Plaintiff's expense requests, the Court

recognizes that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Turning first to the Defendants' argument that the Plaintiff's expense requests are not supported, the Court finds that the Plaintiff's expense requests are sufficiently supported by documentation. The Plaintiff's petition includes three pages of expense records that detail each expense by date, description, and cost. *See* ECF No. 373 at 10–11, 34; *see also Rodesky v. Pfister*, No. 15-CV-1002, 2023 WL 2585856, at *11 (C.D. Ill. Feb. 21, 2023) (denying a challenge to expenses based on a lack of receipts because the expenses were documented on an expense spreadsheet and were not unreasonable). The Defendants have not pointed to any caselaw stating the Plaintiff was required to provide further support for his expense requests, nor have the Defendants argued that the Plaintiff's documentation is insufficient for the Court to determine whether the expenses were necessary or reasonable. *See Kristofek v. Village of Orland Hills*, No. 11 C 7455, 2014 WL 7145543, at *1 (N.D. Ill. Dec. 15, 2014) ("[A] district court must also ensure that the costs are reasonable and 'necessary to the litigation . . . .'" (quoting *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008))); *Newsome v. McCabe*, No. 96 C 7680, 2002 WL 1008472, at *8 (N.D. Ill. May 17, 2002) (denying the plaintiff's request to recover expenses because "[t]he Court cannot determine whether any of these expenses were necessary or reasonable").

Next, the Court concludes that the listed costs for experts David Gibson, Steven Lynn, Stan Lelek, and Russell Fischer must be deducted from the Plaintiff's expense request. In response to the Defendants' argument that the Plaintiff cannot recover expenses for experts who were barred or not used, the Plaintiff argues, "The experts were hired in good faith to identify where the Defendants' standards and practices have been violated and explain why these

7

departures were important for this case." ECF No. 381 at 5. The Plaintiff cites no caselaw to support his argument that fees for experts who are barred or not used but who are hired in good faith are taxable. As a threshold matter, the Plaintiff cites no authority stating that he may recover any costs associated with hiring his own experts. Under 28 U.S.C. § 1821, a witness is entitled to a $40 *per diem* fee for days spent in deposition or trial, along with expenses for travel and subsistence, but otherwise "a party's own expert witness fee generally is not recoverable as a cost." *Lane v. Person*, 40 F.4th 813, 815–16 (7th Cir. 2022) (citing *Abernathy v. E. Ill. R.R. Co.*, 940 F.3d 982, 994–95 (7th Cir. 2019)); *see also W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 102 (1991) (concluding that "§ 1988 conveys no authority to shift expert fees"). Accordingly, the Court reduces the Plaintiff's request for expenses by $24,191.20, the sum of expenses the Plaintiff lists for experts Gibson, Lynn, Lelek, and Fischer, which reduces the Plaintiff's request for expenses from $43,442.86 to $19,251.66.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Petition for Attorneys' Fees and Costs [ECF No. 373] with modifications. The Court ORDERS the Defendants to pay Plaintiff $391,430.00 in attorney's fees and $19,251.66 in costs.

SO ORDERED on May 30, 2023.

                                                         s/ Theresa L. Springmann
                                                         JUDGE THERESA L. SPRINGMANN
                                                         UNITED STATES DISTRICT COURT