UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES HILL,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF HAMMOND, INDIANA and<br>MICHAEL SOLAN,<br><br>        Defendants. | CAUSE NO.: 2:10-CV-393-TLS |

**OPINION AND ORDER**

This matter is before the Court on the parties' Joint Motion to Vacate and Dismiss [ECF No. 403], filed on August 24, 2023. The parties jointly request that the Court vacate the Jury Verdict [ECF No. 347], the Clerk's Entry of Judgment [ECF No. 371], and the Court's grant of attorneys' fees [ECF No. 398]. For the following reasons, the Court grants the motion.

**PROCEDURAL HISTORY**

The Plaintiff filed his Complaint [ECF No. 1] against the Defendants Frank DuPey, Richard Tumildalsky, Raymond Myszak, Michael Solan, and the City of Hammond, Indiana, on October 4, 2010, alleging that the Defendants violated his constitutional rights and bringing claims under 42 U.S.C. § 1983. The parties dismissed Defendant Tumildalsky by stipulation on February 11, 2011. *See* ECF No. 35. The Court granted summary judgment in favor of Defendant DuPey on March 18, 2016, *see* ECF No. 205, and in favor of Defendant Myszak on March 30, 2016, *see* ECF No 207.

The Plaintiff proceeded to trial on his claims against Defendants Solan and the City of Hammond. The trial began on November 7, 2022, *see* ECF No. 325, and lasted eight days, *see* ECF No. 346. After closing arguments on the eighth day, the jury deliberated and reached a

verdict in favor of the Plaintiff. *See* ECF No. 347. The jury awarded the Plaintiff $25 million in compensatory damages against Defendants Solan and the City of Hammond, and it awarded $500,000 in punitive damages against Defendant Solan. *Id.* The Clerk of Court entered judgment on January 24, 2023. ECF No. 371. The Court granted the Plaintiff's request for attorneys' fees, with modifications, on May 31, 2023. ECF No. 398.

The Defendants filed notices of appeal with the Court on February 23, 2023. ECF Nos. 377, 378. After mediation ordered by the Seventh Circuit Court of Appeals, the parties reached an agreement to settle this matter and another matter pending between them in this Court (Cause No. 2:22-CV-262). The parties' agreement to settle is subject to multiple conditions precedent, including the vacatur of the jury verdict, judgment, and award of attorneys' fees in this Court and the approval of the parties' Settlement by the City of Hammond's Common Council. *See* Settlement 1–2, ECF No. 403-3.[1]

On July 7, 2023, the parties filed a joint motion requesting that the Court enter an indicative ruling indicating whether the Court would be inclined to vacate the jury verdict, judgment, and award of attorneys' fees upon remand from the Seventh Circuit. ECF No. 399. On July 21, 2023, the Court granted the parties' motion and indicated that the Court would be inclined to grant the parties' request to vacate. *See* ECF No. 401.

On August 24, 2023, the parties' filed the instant Joint Motion to Vacate and Dismiss. ECF No. 403. On August 29, 2023, the Seventh Circuit issued its mandate remanding the case to this Court for further proceedings. *See* ECF No. 405. The Seventh Circuit's order stated,

> In light of the district court's indicative ruling, and on the parties' joint request, this case is remanded for further proceedings in the district court. Those proceedings must conform to *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S.

---

[1] The parties represent that the City of Hammond Common Council has approved bond funding ordinances to fund the Settlement. ECF No. 403 at 3 n.1.

18 (1994), and *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299 (7th Cir. 1988), to the extent they are applicable.

ECF No. 405-1.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure outlines a number of reasons that may justify a court "reliev[ing] a party or its legal representative from a final judgment, order, or proceeding." Rule 60(b)(5) states that a court may vacate a decision "[when] applying it prospectively is no longer equitable," and Rule 60(b)(6) states that a court may do so for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6).

The relief provided under this rule is "fundamentally equitable in nature," *Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015) (internal citations omitted), and must be "administered upon equitable principles," *Di Vito v. Fid. & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966). In determining whether to vacate the jury verdict, judgment, and award of attorneys' fees in this case, "the Court will be guided by the array of equitable factors of justice and hardship traditionally balanced by district courts in considering requests for Rule 60(b) relief," which include "the public interests in precedent, preclusion, and judicial economy" and "the circumstances, hardships, and interests of the private parties." *Mayes v. City of Hammond*, 631 F. Supp. 2d 1082, 1088 (N.D. Ind. 2008).

In its July 21, 2023 Opinion and Order, the Court evaluated whether vacating its decisions would be justified under Rule 60(b). ECF No. 401. The Court considered the public interests involved, including the precedential value of the decisions, the decisions' preclusive effects, and judicial economy, and the Court considered the private interests of both parties. *Id.* at 4–12. The Court concluded as follows:

> The balance of equities, including the public and private interests involved in this litigation, demonstrates that vacating the jury verdict, judgment, and award of

3

> attorneys' fees would be appropriate in this case. The only factor that weighs against vacatur is the persuasive value of the Court's award of attorneys' fees, but the hardships faced by the parties and their mutual interest in settlement nonetheless tip the balance in favor of vacatur. In addition to the $9 million settlement the Plaintiff will receive, the parties' dispute will end without further litigation at the appellate or district court level and without committing substantial resources—both from the parties and the courts—toward resolution of another lawsuit, namely *Hill v. Nw. Ind. Major Crimes Task Force*, No. 2:22-CV-262.

*Id.* at 12.

After the Court's July 21, 2023 Opinion and Order, the Seventh Circuit remanded the case for further proceedings that conform to *Bonner Mall* and *In re Memorial Hospital of Iowa County*, "to the extent they are applicable." *See* ECF No. 405-1. The Court finds that vacating the jury verdict, entry of judgment, and award of attorneys' fees would conform to both precedents.

In *Bonner Mall*, the United States Supreme Court held that a dispute's mootness by reason of settlement does not justify vacatur of a judgment under review at the appellate level. 513 U.S. at 29. The Court explained that the determination whether to vacate an appellate judgment because the case has settled is an equitable decision and that "exceptional circumstances may conceivably counsel in favor of such a course." *Id.* The Supreme Court recognized that, when presented with a request for vacatur of a district court judgment, "even in the absence of, or before considering the existence of, extraordinary circumstances," a court of appeals may remand a case with instructions that the district court consider vacating a judgment pursuant to Federal Rule of Civil Procedure 60(b). *Id.*

Accordingly, the Court decides the parties' motion to vacate using Rule 60(b) standards rather than the *Bonner Mall* extraordinary circumstances test. This approach is consistent with the Court's decision in *Mayes v. City of Hammond*, in which the Court ruled on a similar motion to vacate filed by the Plaintiff's co-defendant and the City of Hammond. 631 F. Supp. 2d at 1085 ("[T]he Court is not bound by the exceptional circumstances test for vacatur applied by a court of

4

appeals but rather must balance the equities of public and private factors to determine whether vacatur is appropriate."). This approach is also consistent with the Court's July 21, 2023 Opinion and Order, in which the Court concluded that vacatur is appropriate under Rule 60(b) after evaluating the balance of equities. ECF No. 401 at 12.

In *In re Memorial Hospital of Iowa County*, the Seventh Circuit explained why it almost always denies post-settlement requests to vacate district court opinions. 862 F.2d at 1300. The Seventh Circuit explained that a district court "opinion is a public act of the government, which may not be expunged by private agreement." *Id.* It added that district court decisions "have persuasive force as precedent" and that "[a] judgment . . . has preclusive benefits for third parties." *Id.* at 1302. There, the Seventh Circuit declined to vacate the district court's opinions as requested by the parties. *Id.* at 1303. As this Court stated in the *Mayes* opinion, *In re Memorial Hospital of Iowa County* "did not discuss the possibility of the district court effectuating . . . vacatur on remand, the procedure later established in *Bonner Mall*." 631 F. Supp. 2d at 1088 n.4.

Nonetheless, this Court's July 21, 2023 Opinion and Order took account of the concerns explained in *In re Memorial Hospital of Iowa County*. Specifically, the Court considered whether the precedential value of, the preclusive effects of, and the public resources invested in the jury verdict, judgment, and award of attorneys' fees outweigh the parties' interests in having them vacated. ECF No. 401 at 4–12. The Court found that of the three decisions, only the award of attorneys' fees had precedential value, which itself was valuable only as one of many benchmarks for hourly rates in civil rights litigation. ECF No. 401 at 4–5. The Court also determined that the three decisions would not have preclusive effect on future litigation and that the judicial resources already spent were necessary to produce the parties' Settlement. *Id.* at 6–8. Based on these considerations, the Court held that the precedential value of the award of attorneys' fees was outweighed by the parties' interests in having the decisions vacated. *Id.* at 12.

The Court concludes that granting the parties' motion is warranted under Rule 60(b) and in conformity with *Bonner Mall* and *In re Memorial Hospital of Iowa County*.

## CONCLUSION

Therefore, the Court GRANTS the parties' Joint Motion to Vacate and Dismiss [ECF No. 403] and VACATES the Jury Verdict [ECF No. 347], the Clerk's Entry of Judgment [ECF No. 371], and the Court's grant of attorneys' fees [ECF No. 398]. The Court ORDERS that this case is DISMISSED with prejudice in its entirety.

SO ORDERED on September 5, 2023.

                                         s/ Theresa L. Springmann
                                         JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT